# Patton *v.* The State.

## *Murder.*

### (Decided June 4, 1908.  46 South. 862.)

1. *Appeal and Error; Matters Not Presented.*—Where the question is not set out in the bill of exceptions this court cannot, on appeal review the rulings of the trial court on such question.

2. *Same; Matters Presented for Review.*—Where objection was interposed to a question and motion made to exclude the answers thereto, but no exception was reserved to the refusal to exclude all the answers thereto, the only thing presented for review was the overruling the objection to the question, and as that was general, error could not be predicated upon it.

3. *Evidence; Expert Testimony; Qualification.*—One not shown to be an expert may testify that cartridges had the appearance of having been freshly fired.

[Patton v. The State.]

4. *Charge of Court; Reasonable Doubt.*—A charge asserting that if a reasonable doubt as to defendant's guilt exists or grows out of the evidence, or out of any conflicting statements made by the witness, if any in fact, were made, which cannot be reconciled so as to make all the witnesses speak the truth under all the facts proven in this case, the defendant must be found not guilty, does not state a correct proposition of law, and is involved and confusing.

5. *Same; Weight of Evidence.*—A charge asserting that if the evidence is evenly balanced the jury should lean on the side of mercy and find the defendant not guilty, is argumentative and invasive of the province of the jury.

6. *Same; Degree of Proof Required.*—A charge asserting that if the jury are not satisfied that the evidence for the state was true, they may disregard it and find the defendant not guilty, exacts too high a degree of proof.

7. *Same; Credibility of Witness.*—A charge asserting that the jury could not capriciously or with ruthless hands disregard the testimony of any witness in the case, unless he had been impeached or contradicted by the other circumstances or facts in the case, indicated that if a witness was contradicted, his evidence might be capriciously disregarded, which is not a correct statement of the proposition.

8. *Witnesses; False Swearing on Any Material Matters; Wilfullness.*—The fact that a witness had sworn falsely to a material fact does not authorize the disregarding of his entire testimony, unless it was wilfully done.

9. *Charge of Court; Credibility of Witness.*—A charge asserting that if any of the witnesses for the state, swore wilfully falsely in one particular, the jury might disregard the evidence of such witness or witnesses entirely, failed to hypothesize the materiality of the particular matter in which the witness swore falsely, and was therefore properly refused.

10. *Same; Argumentative Instructions.*—A charge asserting that the mere fact that, if any one of the witnesses said that they had not talked to anyone about the evidence, it was immaterial evidence, and should not be considered in disregarding any witness' testimony on any material point, or in discrediting a witness' testimony on any material point was properly refused as a mere argument.

11. *Criminal Law; New Trial.*—This court cannot review on appeal the refusal of the lower court to grant a new trial in a criminal case.

APPEAL from Morgan Circuit court.

Heard before Hon. D. W. SPEAKE.

Strater Patton was convicted of murder in the second degree, and appeals. Affirmed.

Defendant was charged with the killing of Tobe Horton by shooting him with a pistol. Buddy Benford, a witness for the state, while testifying, as is shown by

the record, said that defendant spoke to his partner, Garfield Wilson. The defendant moved to exclude this testimony of the witness as to defendant's partner, because irrelevant. Witness stated he did not know who was his partner, but they called him his partner, and he did not know, as a matter of fact, whether any partnership existed between them. The record further recites that the witness is not shown to know what kind of partnership, if any, existed between the said Garfield Wilson and defendant objected to this question, and moved to exclude all answers thereto, and reserved an exception to the refusal of the court to do so. The record recites that the witness Thomas R. Shipp testified as follows: "I am the sheriff of Morgan county. I know the defendant, and have known him since I brought him here from Ensley, Ala., which was about five or six weeks before court. When I called for him, the chief of police of Ensley told me that defendant went by the name of Robert Orr, and the defendant also told me that he was going by that name down there." The record further recites the defendant objected to all these questions, and moved to exclude all answers as too remote, as tending to show flight. The court overruled said objection, and allowed the witness to answer all the questions. The other exceptions to testimony sufficiently appear in the opinion.

The following charges were refused to defendant: (1) The general affirmative charge. "(16) If a reasonable doubt as to defendant's guilt exists or grows out of the evidence, or out of any conflicting statement made by the witness, if any in fact were made, which cannot be reconciled by you so as to make all the witnesses speak the truth under all the facts proven in this case, you must find the defendant not guilty. (17) I charge you, gentlemen of the jury, that if you believe

[Patton v. The State.]

that the evidence in this case is evenly balanced you should lean on the side of mercy and find the defendant not guilty." "(20) If you are not satisfied that the evidence for the state is true, you may disregard it, and find the defendant not guilty." "(22) Gentlemen of the jury, you cannot capriciously or with ruthless hands disregard the testimony of any witness in this case, unless he has been impeached or contradicted by the other circumstances and facts of the case. (23) Gentlemen of the jury, I charge you that if you believe that Buddy Benson, a witness for the state, swore falsely as to material facts on the present trial, or if you believe he swore falsely as to material facts which were contradictory to his former statement out of court, you may disregard his entire testimony. (24) Gentlemen of the jury, if you believe from the evidence that any of the witnesses for the state swore willfully false in one particular, you are authorized to disregard the evidence of such witness or witnesses entirely. (25) I charge you, gentlemen of the jury, that the mere fact, if it be a fact, that if any of the witnesses said that they have not talked to any one about the evidence, is immaterial evidence, and should not be considered by you in disregarding any witness' testimony on any material point, or in discrediting a witness' testimony on any material point."

There was a motion for new trial, based on several grounds, which was overruled, and which is insisted on as error.

No counsel marked for appellant.

ALEXANDER M. GARBER, Attorney-General, for the State.

DENSON, J.—The first exception seems to have been reserved to the action of the court in overruling an objection to a question propounded to one of the state's witnesses; but the question is not set out in the bill of exceptions, and hence the ruling of the court cannot be reviewed. For the same reason the exception reserved by defendant while witness Shipp was being examined by the solicitor cannot be reviewed.

The testimony of the first witness for the state showed that the defendant fired three shots from a pistol, one of which killed the deceased. Davidson, a witness for the state, having testified that he was a policeman, testified that he went to the place where the killing occurred, and looked for the defendant, but could not find him; that he was boarding with a negro (Orr) in East Decatur, and that witness went there and searched for him, but could not find him. The bill of exceptions then recites: "The state asked the witness what else he found. The defendant objected to the question, and moved to exclude all answers thereto. The court overruled the objection, and allowed the witness to answer the question." In this form it is obvious that only the ruling of the court overruling the objection to the question is presented for review. The objection was a general one, and the court was under no duty to cast around for the ground upon which it was rested, and committed no error in overruling it.

The witness testified that he found in defendant's room, at Orr's house, three 41-caliber "cartridges" ly ing on the table. The solicitor then asked, "Did the cartridges appear to be fresh fired?" The question was objected to on the grounds of immateriality, irrelevancy, and that the witness was not shown to be expert. The relevancy and materiality of the evidence sought is apparent; and this court has expressly held that a witness,

though not an expert, may testify that a cartridge seemed to be freshly fired. Therefore the court cannot be put in error for overruling the objections to the question.—*Orr's Case,* 117 Ala. 69, 23 South. 696.

Charge 16, besides being involved and confusing, does not state a correct proposition of law, and its refusal involves no error.

Charge 17, is argumentative, and invasive of the province of the jury, and was properly refused.

Charge 20 exacts too high a degree of proof, and its refusal was proper.

Charge 22, rightly interpreted, means that, if a witness has been contradicted by "other circumstances and facts of the case," the jury may capriciously disregard his evidence. Such is not the law, and is probably not the proposition intended to be asserted in requesting the charge. No error was committed by its refusal.

Charge 23 was, if for no other reason, properly refused because it does not hypothesize that the false swearing was willfully done; and No. 24 is bad because it pretermits materiality of the "particular" in the proposition asserted. It particularizes no witness, and it cannot be said that all that has been testified by the witnesses, as shown in this record, was material evidence. —*A. G. S. R. R. Co. v. Frazier,* 93 Ala. 45, 9 South. 303, 30 Am. St. Rep. 28.

Charge 25, in defendant's series, is a mere argument.

There is no foundation for the general affirmative charge requested by the defendant, and it was properly refused.

In criminal cases, motions for new trial are not revisable.—*Burrage's Case,* 113 Ala. 108, 21 South. 213; *Knight's Case,* 103 Ala. 48, 16 South. 7.

[Birt v. The State.]

No error being shown by the record, the judgment of conviction is affirmed.

Affirmed.

TYSON, C. J., and HARALSON and SIMPSON, JJ., concur.