# Farrior v. The State.

### Larceny.

(Decided January 14, 1915.  67 South. 633.)

1. *Witnesses; Examination and Cross.*—Where defendant on cross-examination of the state's witness propounded a question to which the witness returned a responsive answer, defendant was not entitled to have such answer excluded, merely because he was surprised thereby, and it was against his interest.

2. *Appeal and Error; Review; Matters Not Shown.*—Where the bill of exceptions merely recites that a paper was offered in evidence by defendant, and was excluded, and an exception reserved, but the paper itself is not set out in the bill of exceptions, the ruling of the trial court thereon is not presented for review.

3. *Same; Presumption.*—On appeal, all fair and legitimate presumptions will be indulged to support the ruling of the trial court.

4. *Trial; Objection to Evidence; Time.*—Although the question was objectionable, but no objection was interposed until after the answer, the admission of the responsive answer to the question will not be reviewed on appeal.

5. *Evidence; Opinion.*—Where a witness had testified that he was not familiar with a signature in such a sense as to say whether it was a genuine or forged signature, but on being asked to give his best impression, answered that he would not testify whether the signature looked like that of defendant, the court properly declined to exclude all of the testimony of the witness as to his opinion on defendant's handwriting, since the witness expressed none.

6. *Same; Check; Identification.*—Where a check was given by a third person in payment of an animal sold by defendant to such third person, and defendant endorsed and cashed it at a bank, and the check was identified and the witness testified to it without objection, the check was properly admitted in evidence.

APPEAL from Montgomery City Court.

Heard before Hon. ARMSTEAD BROWN.

R. E. Farrior was convicted of the larceny of a, cow, and he appeals. Affirmed.

MARK D. BRAINARD, for appellant. No brief reached the Reporter.

R. C. BRICKELL, Attorney General and W. L. MARTIN, Assistant Attorney General, for the State. On the question of comparison by the witness Clark of the check introduced in evidence with an extraneous one, see *Moon v. Crowder,* 72 Ala. 79; *Griffin v. State,* 90 Ala. 596; *Glover v. Gentry,* 104 Ala. 222; *Curtis v. State,* 118 Ala. 125; *Tally v. Cross,* 124 Ala. 567; *Ware v. Bush,* 148 Ala. 529; *King v. State,* 8 Ala. App. 238. Counsel discuss the other questions involved in the appeal, but without further citation of authority.

PELHAM, P. J.—The answer of the state's witness Johnson, "Yes, I hoped killed the cow," seems to be directly responsive to a question propounded to the witness by defendant's counsel on cross-examination, and the court cannot be put in error for refusing to exclude the evidence thus elicited in response to the defendant's cross-examination of the witness, although the answer is a surprise and against the defendant's interest. If the answer was responsive but unsatisfactory, it would be permitting the defendant to speculate, to exclude it because it was not what he expected or desired as an answer.

The paper received by the witness Price Johnson as a notice, or as having some connection with his working the public road on some particular day, is not set out in the bill of exceptions. Consequently, we are afforded no data to review the correctness of the ruling of the trial court in excluding this paper, which the bill

of exceptions recites was offered in evidence by the defendant, and an exception reserved to the action of the trial court in excluding it. The witness is shown to have been permitted to testify fully as to the particular day, time of day, etc., when he was summoned to work the road.

The state's witness J. N. Norris is not shown to have answered the questions of the solicitor as to his (Norris') knowledge and comparison of the defendant's signature with the paper shown him, by making any statement prejudicial to the defendant's interest. The substance of his answers was: "I am not familiar with his signature. * * * I am not familiar enough with it to say." Then, upon being further asked to give his "best impression" if the signature shown him looked like the defendant's signature, the witness stated that he had frequently seen the defendant's signature, "but would not testify" whether the signature shown him looked like that of the defendant. The defendant's motion to "exclude all of the testimony of this witness in regard to the opinion of the witness about that (the check) being the defendant's handwriting" was properly overruled by the court, and the expression of the trial judge in refusing the motion, "You cannot exclude what he did not testify," was not inapt, and is illustrative of there being no evidence prejudicial to the defendant on this matter before the court as coming from the mouth of this witness.

The bill of exceptions affirmatively shows that the evidence elicited from the state's witness W. Clark in making a comparison of the signatures purporting to be those of the defendant on the different checks shown him was directly responsive to a question asked the witness to which no objection was made. The bill of exceptions recites, in this connection, that "the defend-

ant objected after the witness had answered the question." The admission of an answer responsive to an objectionable question not objected to is not presented for review.—*Shay, et al. v. Cleveland,* 5 Ala. App. 333, 59 South. 534. For the same reason, that part of the evidence of George Clark and his father, W. Clark, with respect to the purchase by them of another animal from the defendant previous to the transaction for which the defendant was being prosecuted, cannot be reviewed; no objection being shown to have been made to the questions before they were answered by the witnesses. See *Kirk v. State,* 10 Ala. App. 216, 65 South. 195; *Allen v. State,* 8 Ala. App. 228, 62 South. 971, and authorities there cited.

It is not shown what check was offered and admitted in evidence against the objection of the defendant, in connection with the witness Clark's testimony. Whether it was the check that had been properly identified as the check given to the defendant by the witness in payment for the animal alleged to have been stolen, and which the bank cashier testified had been indorsed and cashed by the defendant, or some other, is not made to appear. The check shown by the state's evidence to have been given by the witness Clark in payment for the animal in question to the defendant and indorsed and cashed at the bank by the defendant, had been properly identified and several witnesses had testified with respect to it without objection. On such a state of the evidence, the check was relevant and material, and the preliminary proof necessary to its admission had been made. It is not shown by anything contained in the bill of exceptions to have been offered in evidence at any other stage of the proceedings. The witness, it appears was shown two checks. The check offered and admitted is not set out or described in any way to inform us

[Moye v. The State.]

what check it was that the court admitted. In such a condition of the record, it is not to be presumed as against the correctness of the trial court's ruling that error was committed. On appeal in criminal cases all legitimate and fair presumptions will be indulged in favor of the ruling of the lower court.—*Green's Case,* 73 Ala. 26; *Ryan's Case,* 100 Ala. 105, 14 South. 766; *Garrett's Case,* 97 Ala. 18, 14 South. 327. In this connection, it may be mentioned inferentially that the bill of exceptions does not purport to set out all, or substantially all, of the evidence or its tendencies.

We have examined the entire transcript and find no other matter presented, or sought to be presented, meriting discussion, and nothing authorizing a reversal of the judgment.

Affirmed.