(127 So. 909)
### BUSH v. STATE.
7 Div. 546.

Court of Appeals of Alabama.
March 18, 1930.

Rehearing Denied April 22, 1930.

L. B. Rainey, of Gadsden, for appellant.

Charlie C. McCall, Atty. Gen., and Mervin T. Koonce, Asst. Atty. Gen., for the State.

RICE, J.

In a fight between the defendant and Charlie Jackson, a noncombatant negro youth, eight or ten years old, was killed. There were three of the Jackson brothers present, Charlie, Leonard and Henry. The boy, Calvin Jackson, was a nephew of the Jackson men, the son of their sister. While from the evidence before us, Charlie Jackson was the only active participant in the fight, there is some testimony showing animosity of the defendant toward both Charlie and Leonard, if not the rest of the family. Suffice it to to say that there was evidence before the jury, which, if believed by them, authorized a finding that defendant, while shooting at one of the Jacksons or into the crowd, accidentally killed the child.

There was a conflict in the evidence as to which of the combatants was the aggressor, and as to whether defendant fired in self-defense. There was no occasion for the affirmative charge; the question was for the jury.

If the defendant unlawfully, unjustifiably, shot at either one or the other of the Jackson men, and, missing him, struck the boy, he would be guilty of the same degree of criminal homicide as if he had killed the object of his aim. Or, if in shooting he was acting in self-defense, as defined by the court in its instruction, and accidentally killed the boy, he would be guilty of no crime.

This was the effect of the oral charge in the particular to which exception was reserved. This exception is without merit.

The exceptions reserved on the admission of evidence present no questions worthy of separate consideration. We have given careful attention to each noted exception without finding error of a reversible nature.

Several charges requested by the defendant were refused by the court. The verdict was manslaughter in the second degree; hence, charges 5, 8, and 10, dealing alone with murder need not be considered.

Charges 1, 2, 3, 4, 7, and 9, so far as they state correct propositions of law, are covered by the oral charge.

Refused charge 11 is covered by given charge 7.

Refused charge 12 is as follows: 12. "The Court charges the jury that the indictment in this case is not any evidence in the case, and the fact that the defendant has been indicted is not to be considered by you as a circumstance against him, but said indictment is merely a method of placing the defendant on his trial, but the presumption of innocence attends the defendant throughout this trial and remains with him and authorizes an acquittal, if the entire testimony fails to overcome said presumption, by proof of defendant's guilt beyond a reasonable doubt."

This charge is in the exact language of charge 18 considered by this court in the case of Salter v. State, 22 Ala. App. 86, 112 So. 538, 540. In that case we held: "When a person is placed on trial charged with a criminal offense, he is presumed to be innocent until the presumption is overcome by the evidence beyond a reasonable doubt. This presumption must be regarded by the jury as evidentiary and attends the defendant until the evidence in the case overcomes the presumption by proof of defendant's guilt beyond a reasonable doubt. The defendant is entitled to have the jury so instructed." This statement of the law is undoubtedly sound and is supported by the authorities. But the opinion, immediately following this statement, says "Refused charge 18 should have been given, and its refusal was error."

In dealing specifically with the charge then before us we had in mind that part of same dealing with the law as to the "presumption of innocence," etc. As thus considered, we adhere to the holding announced. But, in the instant case, that portion of appellant's refused charge 12 was fully, and almost specifically, covered by and included in the trial court's oral charge. Hence, here, it was not error for the trial court to refuse to again charge the jury in substantially the same language on the same subject. So far as the first part of said refused charge 12 is concerned, dealing with the "non-evidentiary" value of the returning of the indictment against appellant (defendant), it is sufficient to say that this form of instruction has been condemned by our Supreme Court, as being no more than an argument. Morris v. State, 146 Ala. 66, 41 So. 274. There was no error in refusing defendant's requested charge 12.

We have searched the record diligently for prejudicial error, and, finding none, the judgment is affirmed.

Affirmed.