144 So. 582

## HILL v. STATE.

### 6 Div. 160.

Court of Appeals of Alabama.
June 21, 1932.

Rehearing Denied Nov. 1, 1932.

J. B. Powell, of Jasper, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

Brief did not reach the Reporter.

SAMFORD, J.

The defendant was indicted on a charge of murder for the killing of Arthur Bailey, and on his trial was convicted of manslaughter in the first degree, and his punishment fixed at three years in the penitentiary.

■ The evidence for the state tended to prove the charge. The contention of defendant was that the shooting was done in a scuffle, in which the deceased was trying to shoot him with the pistol, and that defendant was trying to disarm deceased. The killing took place at defendant's home, located in an isolated place near the Bankhead highway across the river from Lynn's Park, in Walker county. From the testimony it appears that the deceased and his brother had been at the house for about an hour; that defendant's wife and another woman were there; that defendant came in later; that they were all drinking and more or less under the influence of whisky. In an effort to get the truth of what took place, the court permitted the state to prove: "That the deceased and his brother came to defendant's house, and that when they first came to defendant's house, defendant was not at home but that defendant's wife and a Thompson girl were there: that they drank some whisky that they got from the wife or the Thompson girl, and that after the defendant came in, which was about the time the deceased and his brother were leaving the house, according to the brother's testimony, and after they had gone out and fixed a puncture, they went back into the house and drank some more whisky, and the brother testified that he left the deceased in the house and that he heard no words pass but heard some scuffling, and as he ran around the porch his brother fell, his head falling near the steps to the porch and his feet and body extending back towards the door of the house." This testimony was all admissible as tending to prove the surrounding facts and circumstances leading up to and relating to the homicide. Coupled with the isolated location of the defendant's residence, these facts present a perfect setting for the row and shooting culminating in the death of one of the parties.

■■ It was also competent as a part of the res gestæ to show that Arthur Bailey, the deceased, was one of the party in defendant's house drinking whisky just before the shooting. Defendant's counsel contends that this proof could only be made by defendant. We do not see the distinction. The mental condition of all the parties present at the time of the fatal difficulty was a proper inquiry—of the principals, as it affected their acts; of the others, as it would affect their testimony on the trial.

■ The court properly sustained the state's objection to the question asked by defendant as to when deceased left home that day. This question called for an answer not related in any way to the crime.

■ It having been proven by defendant that a pistol bullet was taken from the wall of the front porch shortly after this homicide, it was relevant to prove by other witness how and when such bullet was fired.

■ Where a defendant in a criminal case has testified in his own behalf, the state may for the purpose of impeaching his credibility, prove his general bad character in the neighborhood in which he lives. 28 Alabama & Southern Digest, p. 495, ☞337(2).

■ Refused charge 3 ignores the doctrine of freedom from fault. Refused charge B is abstract and invasive of the province of the jury, in that there was other evidence than that of Clarence Bailey, from which a jury might infer guilt. Charge 1 places a burden on the state not required by law. Proof of a motive is relevant, but not necessary to a conviction. Other charges refused were either covered by the court in his oral charge or are patently erroneous.

We find no error. The judgment is affirmed.

Affirmed.