196 So. 163

SELVAGE et al. v. STATE.

8 Div. 867.

Court of Appeals of Alabama.

May 14, 1940.

Scruggs & Creel, of Guntersville, for appellants.

372

Thos. S. Lawson, Atty. Gen., and Prime F. Osborn, Asst. Atty. Gen., for the State.

SIMPSON, Judge.

The defendants (jointly) were convicted of the illegal transportation of five gallons or more of prohibited liquors, as denounced by General Acts of Alabama 1927, p. 704, No. 605, and from the judgment thereon appeal. The State's evidence, if believed by the jury beyond a reasonable doubt, was sufficient to support the verdict returned. The admissions of guilt, by both defendants, as testified to by the two State's witnesses, together with the other evidence adduced by the State, sustain the material averments of the indictment and were sufficient, if believed by the jury, to warrant the verdict. The appellants (defendants), by able and diligent counsel, complain that, on account of the contradictions and alleged inconsistencies in the testimony of the two State's witnesses, the State's evidence was so unworthy of credence as to require reversal of the cause in the refusal of the trial court to give the general affirmative charge, requested by the defendants. Such a view is not supported by legal authority. "Whether there be any evidence or not, is a question for the judge; whether it is sufficient evidence is a question for the jury." 1 Green. Ev., Section 49. The testimony of the State's witnesses, along with the denials of guilt and other evidence of the defendants, was matter to be *weighed* by the jury, and jury alone, after submission to it by the trial court with proper instructions as to the applicable law. The general affirmative charge requested by the defendants was therefore properly refused. Howard v. State, 108 Ala. 571, 18 So. 813; Grimes v. State, 24 Ala.App. 378, 135 So. 652, and cases therein cited.

Appellants urge that there was error to a reversal in the conduct of the trial court where the direct examination of defendant Smith, in testifying about his business as a peddler, was thus interrupted by the court: "Let's get down to this liquor, Mr. Scruggs, and not peddling. The question is whether they had any liquor. I want to give you an opportunity to help the jury with evidence that throws light on whether they are guilty or innocent." While such a colloquy evinces a certain aggressiveness on the part of the learned judge, which might well, perhaps, have been omitted, we conclude it to have been prompted by his desire for expeditious proceeding and of no prejudice to the substantial rights of the defendants, and fail to observe misconduct of the prejudicial character asserted in appellants' brief.

To like conclusion do we come as regards the conduct of the judge in nisi prius in other instances insisted upon by appellants as prejudicial error.

There is also no merit in the argument of appellants that the failure of the court to rule in certain instances, upon objections interposed by defendants during trial, should subject the cause to reversal. Such a situation presents nothing for review by the appellate court. Thomas v. State, 150 Ala. 31, 43 So. 371; Dowling v. State, 151 Ala. 131, 44 So. 403; Arant v. State, 232 Ala. 275, 167 So. 540.

Being convinced, from a careful reading of the record, that the cause was fairly tried and without error of such prejudicial nature as to work a reversal, the judgment below is affirmed.

Affirmed.