44 So.2d 241

## WOODARD v. STATE.

### 6 Div. 915.

Supreme Court of Alabama.
Feb. 2, 1950.

· Finis E. St. John and Arney Bland, of Cullman, for appellant.

A. A. Carmichael, Atty. Gen., and Robt. Straub, Asst. Atty. Gen., for the State.

LAWSON, Justice.

The appeal is from a conviction of murder in the first degree, with punishment fixed at imprisonment for life.

This is the second appeal. We reversed the former conviction. Woodard v. State, 251 Ala. 314, 36 So.2d 897.

It is unnecessary to set out here the tendencies of the evidence for the State and the defendant. Suffice it to say that the evidence found in the record on the present appeal is substantially the same as that set forth in the former opinion.

 The case was for the jury on the evidence adduced, and the affirmative charge requested in writing was properly refused.

We have examined the suggestions of error because of remarks of the court and find no reversible error. Counsel for appellant in brief filed on his behalf contend that the remarks of the court in six instances constitute reversible error. But in three of them no exception was taken and we may add these remarks were so innocuous and so commonplace that evidently skilled counsel were not impressed at the time that the remarks could possibly injuriously affect the rights of the defendant. As to the remarks to which exceptions were reserved, we are unable to see. how they could have injuriously affected the defendant's rights. In substance, these remarks were: (1) that a witness not answer a question calling for testimony which had already been elicited, the solicitor having objected on that ground; (2) that a motion to exclude was not well taken when made before the question is answered; (3) that counsel not argue with the court as to a ruling on evidence, but save his argument for the jury. All considered, the trial appears to have been conducted with proper regard to all administrative rules, as well as due regard for defendant's rights, and we find nothing in the conduct of the trial

judge to merit any condemnation here. Munson v. State, 250 Ala. 94, 33 So.2d 463; Patterson v. State, 234 Ala. 342, 175 So. 371; Norris v. State, 229 Ala. 226, 156 So. 556; Carmichael v. State, 197 Ala. 185, 72 So. 405; Selvage v. State, 29 Ala.App. 371, 196 So. 163.

The cases from this jurisdiction cited by appellant's counsel are different in prejudicial effect. In Griffin v. State, 90 Ala. 596, 8 So. 670, the remark was upon the weight of the evidence; in Holland v. State, 24 Ala.App. 199, 132 So. 601, where the defendant was on trial for murder in the first degree, the court in effect remarked that human life had become too cheap in Alabama.

Reversible error is not made to appear in connection with the trial court's action in permitting Grady Moss, an undertaker, who examined the body of deceased, to testify that in his judgment the wound which he observed on the body of deceased was made by a small caliber pistol bullet. In Baugh v. State, 218 Ala. 87, 117 So. 426, 429, it was said: "The testimony of the witness Charley Scott as to the size of the wound on the body of the deceased, and his opinion that it was made with a 38-caliber bullet, was not subject to objection made to it by the defendant."

The witness Moss had been a mortician for approximately sixteen years. He was shown to have been thoroughly familiar with the human body and the location therein of the vital organs. He had examined the wounds on the body of deceased. The trial court did not err in permitting him to testify that the path of the bullet was in or near "the region" of the heart.

Moss was asked by counsel for the State as to whether or not in his judgment the deceased met his death as a result of the wound which he had described. Objection interposed by counsel was overruled and exception reserved. However, the witness did not answer; consequently, under the rule of our cases, reversible error is not shown in this connection. Stephens v. State, 250 Ala. 123, 33 So.2d 245; Sanders v. State, 243 Ala. 691, 11 So.2d 740; Arant

v. State, 232 Ala. 275, 167 So. 540. We do not want to be understood as holding that if the witness had given an affirmative answer that reversible error would appear. The rule as to morticians expressing an opinion as to the fatality of a wound is discussed in the following cases: Snead v. State, 251 Ala. 624, 38 So.2d 576; Webb v. State, 251 Ala. 558, 38 So.2d 340; Thomas v. State, 249 Ala. 358, 31 So.2d 71; Phillips v. State, 248 Ala. 510, 28 So.2d 542.

Shelly Hyatt, a deputy sheriff at the time of the killing, went to the scene of the crime shortly after it occurred. He testified that he saw a hole in the back of the shirt on the body of deceased. He also viewed the body shortly after the clothing was removed at the undertaking establishment. He testified that he saw "a hole in his back" with a "dark bluish circle around it." There is no requirement of law that the description of wounds on the body of a deceased person must be given by an expert witness. Phillips v. State, 248 Ala. 510, 28 So.2d 542, and cases cited. We think it is clear from a consideration of the entire record that Hyatt viewed the body of deceased at the funeral home a comparatively short time after the deceased was shot. Moreover, objections were not interposed until after the questions had been answered. Farrior v. State, 12 Ala.App. 123, 67 So. 633.

State witness L. C. Patterson was permitted to testify over the objection of defendant that a few days before Dean was killed he heard the defendant remark to Horace Pope, who was also indicted for the murder of Dean, "I will just kill the d—— —— —— – ——." Dean had just passed by the defendant and Pope when defendant made the threat. Under the circumstances of this case, the trial court did not err in overruling the objection and permitting the witness to testify as to the alleged threat. Kilpatrick v. State, 213 Ala. 358, 104 So. 656; Glover v. State, 200 Ala. 384, 76 So. 300; Morris v. State, 193 Ala. 1, 68 So. 1003; Ford v. State, 71 Ala. 385. In the last-cited case it was said:

"Threats made by a defendant are generally admitted as tending to prove malice on his part against a deceased person with

'the killing of whom he is charged. To be admissible they must of course be capable of such construction as that they may have reference to the deceased. A threat to kill one man may not be admissible under an indictment charging the defendant with the murder of, or assault with intent to murder another and different man. But threats to kill or injure some one not definitely designated, especially when made shortly before the commission of the offense to which they may be construed to have reference, are unquestionably admissible in connection with other explanatory circumstances, and on proof of the corpus delicti. The threats of a general character, made the subjects of objection in the record, all come within the influence of the above principle, and were properly admitted. It was a matter of mere inference whether the deceased came within their scope. Their weight or probative force was a question entirely for the jury. Whart. Hom. § 693; People v. Scoggins, 37 Cal. 676, 677; S.C. Cases Self-Def. (Hor. & T.) 596; Ross v. State, 62 Ala. 224, 225; Whart. Cr. Ev. § 756; Redd's Case, Redd v. State, 68 Ala. 492." 71 Ala. 396.

 The acts, declarations and conduct of the accused, against interest, are always competent. There was no error in permitting the witness L. C. Patterson to testify in substance that the accused told him that he should not talk to the State officers who were conducting an investigation of the killing. Hill v. State, 194 Ala. 11, 69 So. 941, 2 A.L.R. 509; Bass v. State, 219 Ala. 282, 122 So. 45; Wilson v. State, 191 Ala. 7, 67 So. 1010. The witness L. C. Patterson was a part-time attendant at the taxi business run by his brothers, for whom the deceased and the accused worked as taxi drivers.

 The defendant admitted that during the first week after Dean's death he began to have sexual intercourse with the woman known as Dean's wife and who was living with Dean as his wife at the time of his death. It was not reversible error, therefore, for the State to show that prior to the death of Dean the defendant sought to have dates with this woman and asked her to go on long trips with him. Such testimony was admissible as tending to show motive.

 It was within the discretion of the trial court to permit the solicitor to refresh the recollection of the witness Mrs. Dean by reminding her of her testimony on the former trial. This also applies to the witness Fay Kelsoe. Jackson v. State, 226 Ala. 72, 145 So. 656; White v. State, 87 Ala. 24, 5 So. 829; Glenn v. State, 157 Ala. 12, 47 So. 1034; Bringhurst v. State, 31 Ala.App. 608, 20 So.2d 885.

 The trial court did not err in permitting State's witness Shepard to testify that three or four months before the death of Dean the defendant, Woodard, stated, "if Dean didn't keep his mouth out of other people's business, somebody was going to kill him." Although this statement does not show that defendant said he was going to kill Dean, we think it was admissible as tending to show ill will or animus on the part of defendant towards the deceased. The weight and substance of this statement was for the jury. Patterson v. State, 171 Ala. 2, 54 So. 696. The admissibility of this statement is not affected by the fact that it was made three or four months prior to the killing. Patterson v. State, 171 Ala. 2, 54 So. 696; Ingram v. State, 173 Ala. 724, 54 So. 699; Shelton v. State, 217 Ala. 465, 117 So. 8.

 The witness Shepard was called by the state for the purpose of showing the statement alluded to above. On cross-examination of this witness the defense was not permitted to show the activities of this witness and one Horace Pope on the night that Dean was killed. There was no error in this ruling of the trial court. The activities of Shepard and Pope on the night of the killing were immaterial and irrelevant at this stage of the trial. However, after the State introduced evidence tending to connect Pope with the killing the defense was allowed to show by the witness Shepard that he and Pope were out of the state at the time Dean was killed. Even if there had been error in the court's action, it would not require a reversal. The rule is well established that the refusal to permit a witness to testify

to certain facts does not require a new trial where at another time in the course of the trial the same witness is permitted to testify as to those facts. Stephens v. State, 250 Ala. 123, 33 So.2d 245; Dyer v. State, 241 Ala. 679, 4 So.2d 311; Wimberly v. State, 204 Ala. 629, 86 So. 900.

On the cross-examination of Johnny Patterson, a witness for the defendant, the State was permitted to show without objection that the deceased had won money from the witness in a game of chance. Later on in the cross-examination of this witness, the court overruled defendant's objection to a question calling for similar testimony. Even it it be assumed that such testimony was not admissible for the purpose of showing bias of the witness toward deceased, reversible error is not made to appear. The admission of testimony, if error, is harmless where the same witness has previously testified to the same facts without objection. Crenshaw v. State, 205 Ala. 256, 87 So. 328.

The question of the sufficiency of the predicate for the introduction of the testimony given by a witness on a former trial is primarily for the trial judge. Liverpool & London & Globe Ins. Co. v. Dickinson, 244 Ala. 381, 13 So.2d 570. The testimony offered as a predicate for the introduction of the testimony given by the witness Estelle Johnson at the former trial was simply to the effect that she was not found in Cullman County, where she had resided at the time of the former trial, nor in Jefferson County, where a member of her family told the deputy sheriff of Cullman County that she was living. On this predicate, the trial court will not be put in error for refusing to admit the testimony. Hines v. Miniard, 208 Ala. 176, 94 So. 302; Bardin v. State, 143 Ala. 74, 38 So. 833.

The refusal of defendant's requested charge 23 was not error. True, it appears the trial court could have given it without his action being subject to criticism. Prater v. State, 193 Ala. 40, 69 So. 539. But this form of instruction has been condemned as being no more than an argument. Morris v. State, 146 Ala. 66, 41

So. 274; Pelham v. State, 24 Ala.App. 330, 134 So. 888, certiorari denied, 223 Ala. 155, 134 So. 890; Bush v. State, 23 Ala.App. 502, 127 So. 909. Moreover, the principle sought to be established by this charge and by refused charges 55 and 56 was substantially and fairly covered by defendant's given charge 54. § 273, Title 7, Code 1940.

Defendant's refused charges 24, 40, 41, 45, 46, 47, were properly refused for the reason, if for no other, that each of the charges, in effect, sought to have the jury instructed that the jury should acquit the defendant if they had a reasonable doubt of the truthfulness of the witness Fay Kelsoe. While the testimony of the witness Fay Kelsoe was the most damaging to the defendant, his guilt did not depend upon her testimony. Eliminating her testimony entirely from the case, still there was evidence from which the jury could have arrived at a verdict of guilt. McKenzie v. State, 19 Ala.App. 319, 97 So. 155; Powell v. State, 20 Ala.App. 606, 104 So. 551; Hill v. State, 25 Ala.App. 264, 144 So. 582, certiorari denied, 225 Ala. 610, 144 So. 583. Some of these charges were otherwise defective.

Defendant's requested charge 25 would authorize the jury to disregard all of the testimony of the witness if they entertain a reasonable doubt of the truthfulness of any part thereof. It is not that a witness swears falsely that authorizes the jury to reject his testimony; it must be wilfully or intentionally false. McKenzie v. State, 19 Ala.App. 319, 97 So. 155; Patton v. State, 156 Ala. 23, 46 So. 862. This charge, if not otherwise bad, was properly refused under the rule of the cases cited.

There was no error in refusing requested charge 31. It was substantially and fairly covered by the court's oral charge and charge 16. § 273, Title 7, Code 1940.

Charge 37 was refused without error. Similar charges have been condemned frequently. Sanders v. State, 243 Ala. 691, 11 So.2d 740; Williams v. State,

245 Ala. 32, 15 So.2d 572; Cagle v. State, 211 Ala. 346, 100 So. 318.

It was not error to refuse defendant's requested charge 44 in view of charge 42 given at the request of the defendant. § 273, Title 7, Code 1940.

Even if it be conceded that refused charge 48 stated a correct principle, it was refused without error. It was substantially and fully covered by charge 28 given at the request of the defendant. § 273, Title 7, Code 1940.

Defendant's requested charges 52, 53, 57, 59, and 60 were refused without error. They were all substantially and fully covered by the court's oral charge and written charges 50, 51, 58, and 61 given at the request of defendant. So assuming that said refused charges stated correct principles, their refusal does not constitute reversible error. § 273, Title 7, Code 1940.

The judgment of the trial court is affirmed.

Affirmed.

BROWN, FOSTER, SIMPSON, and STAKELY, JJ., concur.