64 So.2d 112

**ROUGHTON v. JACKSON.**

4 Div. 223.

Court of Appeals of Alabama.

Nov. 25, 1952.

Rehearing Denied Dec. 16, 1952.

Baldwin & Baldwin, Andalusia, for appellant.

A. R. Powell, Jr., Andalusia, for appel-
lee.

CARR, Presiding Judge.

This cause was submitted to the jury on a count of the complaint claiming damages for malicious prosecution. The verdict was in favor of the plaintiff.

It appears without dispute in the evidence that the appellee and his wife executed a chattel mortgage to secure a loan of $88.50 from the Commercial Bank of Andalusia, Alabama. The appellant endorsed the note. Some payments were made by the appellee, but finally the appellant paid the balance due on the loan.

He then signed an affidavit for a warrant of arrest charging the appellee with obtaining money under false pretense. The arrest followed, and the appellee was committed to jail where he remained until an appearance bond was approved about twenty-four hours later.

When the trial came on to be heard before the justice of the peace, the appellant did not appear. The justice made this docket entry: "This day this cause was dismissed for the like of prostacution."

During the trial of the case at bar the appellant introduced evidence tending to establish that the general reputation of the appellee was bad. The trial judge permitted the proof, but limited its materiality to the sole question of mitigation of damage and so instructed the jury.

■ In this respect the court was in error, because such proof is admissible also on the issue of probable cause vel non. Key v. Dozier, 252 Ala. 631, 42 So.2d 254.

■ If the evidence relating to the issue of probable cause is not in dispute, this question becomes a matter of law for the determination of the court. Key v. Dozier, supra; Elliott v. Caheen Bros., 228 Ala. 432, 153 So. 613; Molton Realty Co. v. Murchison, 212 Ala. 561, 103 So. 651; Brackin v. Reynolds, 239 Ala. 419, 194 So. 876.

In the instant case the proof pertaining to the matter of probable cause was not in dispute.

As we have indicated, the loan was made from the bank with appellant's endorsement. There is no evidence that appellee made any false representation to either the bank or the appellant in order to secure the loan.

It appears that it was a customary transaction where a party makes a loan at a bank with the endorsement of another person.

■ Our approach to the review of the question is guided by the rule which provides that the appellant must not only show error by the record on appeal but he must also establish that such error probably injuriously affected his substantial rights. Roubicek v. Roubicek, 246 Ala. 442, 21 So. 2d 244; Pacific Fire Ins. Co. v. Overton, 256 Ala. 400, 55 So.2d 123; Tennessee Valley Sand & Gravel Co. v. Pilling, 35 Ala. App. 237, 47 So.2d 236; Ross Neely Motor Express v. Robinson, 35 Ala.App. 431, 48 So.2d 252.

■ The application of this rule forces the conclusion that the error of the trial judge should not cause a reversal of the judgment below. Supreme Court Rule 45, Code 1940, Tit. 7, Appendix.

In the case of O'Neal v. McKinna, 116 Ala. 606, 22 So. 905, 907, the court concluded from the undisputed evidence that there was no probable cause for believing the plaintiff was guilty of the offense of obtaining goods by false pretense. Therefore it was held that the following written instructions were properly given: "(a) 'The malice necessary to maintain an action for a malicious prosecution or for false imprisonment may be inferred from a want of probable cause for believing defendant guilty.'" "(b) 'There is no proof in this case that plaintiff was guilty of the charge of obtaining goods under false pretenses.'"

Assignments of error numbered 6, 7, and 8 are argued jointly in appellant's brief We will respond to assignment number 6. Bankers Fire & Marine Ins. Co. v. Draper, 245 Ala. 653, 18 So.2d 409; Gramling v. Davis, 32 Ala.App. 298, 25 So.2d 393.

■ The appellant's attorney propound-ed this question to an officer of the lendor bank: "Would you have loaned the money to the principal of this note, Mr. and Mrs. T. D. Jackson if O. G. Roughton had not endorsed it?" The court sustained objections to this query.

This related to an immaterial inquiry. The question did not seek to elicit any information which would have shed light on the factual issues in the case, nor did it conduce to the proof of a pertinent hypothesis. Southern R. Co. v. Montgomery, 229 Ala. 456, 157 So. 854; Martin v. State, 16 Ala.App. 406, 78 So. 322.

■ In the course of the trial proceedings the judge made this statement: "Yes, sir. I am arguing the law, and giving you an exception. I am going to shorten this case and get it right down to the issue whether there is an exception or not."

The appellant insists that his motion for a mistrial should have been granted on account of the statement above quoted.

The court's assertion came immediately after exceptions were reserved to his reference to the law relating to the effect of obtaining "an endorsement of another by fraud."

We are clear to the conclusion that we should not reverse the judgment below on account of the denial of the motion for a mistrial. Woodard v. State, 253 Ala. 259, 44 So.2d 241; Selvage v. State, 29 Ala. App. 371, 196 So. 163.

The instant question is raised by assignment of error numbered 9. Assignment No. 10 is jointly argued therewith.

■ The court in his oral charge instructed the jury in effect that the plaintiff made out a prima facie case of want of probable cause when he proved that the criminal proceedings instituted by the appellant were dismissed. This is the law. Hanchey v. Brunson, 175 Ala. 236, 56 So. 971; Stouts Mountain Coal Co. v. Grubb, 217 Ala. 274, 116 So. 156; Caldwell v. Standard Oil Co., 220 Ala. 227, 124 So. 512.

Charge No. 3, refused to appellant, was substantially covered by the court's oral charge. Title 7, Sec. 273, Code 1940; Alabama Dry Dock & Shipbuilding Co. v. Bates, 33 Ala.App. 81, 30 So.2d 273.

It may be noted also that the charge is not hypothesized on the evidence. Edwards v. State, 205 Ala. 160, 87 So. 179; Knighten v. State, 35 Ala.App. 524, 49 So. 2d 789.

■ Under the evidence the appellant was not due the general affirmative charge. In this aspect, counsel argues that there was no proof that the criminal prosecution was terminated in appellee's favor. There is no merit in this insistence. The docket entry of the justice of the peace contains a meaningless word, but there can be no mistake that it was intended to be "prosecution".

The justice of the peace had preliminary jurisdiction of the offense for which the appellant was charged. His authority extended to that of a committing magistrate. The case was dismissed in his court, and that terminated it so far as that prosecution was concerned. Stewart v. Blair, 171 Ala. 147, 54 So. 506; Sandlin v. Anders, 187 Ala. 473, 65 So. 376.

■ It is urged that the verdict in the amount of $500 was excessive. The damages recoverable in a suit for malicious prosecution based on the evidence in the case clearly warranted the jury in fixing the amount indicated.

In the case of Key v. Dozier, 252 Ala. 631, 42 So.2d 254, the Supreme Court agreed that the amount of $2000 was not excessive. It was there pointed out that the damages which the law allows in a case of malicious prosecution are both compensatory and punitive, and that the imposition of the latter element of damages must be left largely to the discretion of the jury.

Appellant made a motion to retax the costs. We conclude from argument in brief of counsel that this insistence is made because there were items of cost for the

22

attendance of some of appellee's witnesses who did not testify in the case. This cost was taxed against the appellant.

There was no evidence introduced to support the grounds of the motion. In this state of the record the question is controlled by the holding in McCord v. Bridges, 207 Ala. 376, 92 So. 447.

We have responded to each question which is properly presented.

The judgment below is ordered affirmed.

Affirmed.