325 So.2d 505
**Oscar Lee MADDEN**
v.
**STATE.**
**8 Div. 692.**

Court of Criminal Appeals of Alabama.

Oct. 1, 1975.

Rehearing Denied Oct. 28, 1975.

William J. Baxley, Atty. Gen., and Gary R. Maxwell, Asst. Atty. Gen., for the State.

W. H. Rogers, Moulton, for appellant.

HARRIS, Judge.

Appellant was convicted of the crime of kidnapping and sentenced to ten years in the penitentiary. Prior to arraignment, the defendant was found to be indigent and counsel was appointed to represent him.

He pleaded not guilty. After conviction he was furnished a free transcript and trial counsel was appointed to represent him on appeal.

On the night of August 30, 1974, Mrs. Debra Kaye Dawson was driving her blue Opel G.T. automobile on Highway 20 east toward Town Creek, Lawrence County, Alabama. The time was 11:30 p. m. She was alone in her car and as she was traveling along the highway, she noticed a car blinking its lights behind her. This car followed her six or seven miles and kept blinking its lights. She continued traveling toward Town Creek and as she approached her home, she turned on her right turn signal to go into her driveway. At this time the automobile that had been following her struck her car in the rear, knocking her car beyond her driveway, and then she was struck the second time.

The occupant of the rear vehicle got out of his car, carrying a sawed-off shotgun and told Mrs. Dawson to get out of her car, and she refused. He pointed the shotgun at her and when she continued to refuse to leave her car, the man grabbed her by the arm and forced her to get in his automobile. He started driving down the highway and did not say anything to her. She asked him what he wanted with her. He said, "Where is your money?" She said, "What money?" and he said, "That money." She said, "You didn't let me get my purse or keys or nothing out of my car. If you will turn in my driveway and carry me to my trailer, I will give it to you." He asked her name and she told him and he said, "You are Kaye Dawson?" and she said, "Yes." He said, "Your husband's name is Terrell Dawson?" and she said, "Yes." Then he said, "You mean you are not Faye Box?" She said, "No, what makes you think I am her?" He said, "Well, I have got the wrong one." He turned his car around and carried her back to her car, opened the door and pushed her out.

She further testified that she was scared to death and was crying. She stated it was dark but she got a good look at his face and would never forget him. She described him as having his head shaved and he wore a goatee and was a black man. She said he was six feet tall or taller. She described the automobile as a Grand Prix and it was a wrecked automobile and was dented on the right door on the passenger side.

During her testimony she said she was positive that appellant was the man who abducted her with a sawed-off shotgun. She was shown a photograph of appellant which was made on September 4, 1974, and she positively identified appellant. This photograph was identified as State's Exhibit 1 and was introduced in evidence without objections. Photographs of both the Grand Prix and the Opel G.T. were introduced in evidence without objections. We have viewed these photographs and the Opel shows two damaged places on the trunk and the Grand Prix shows damage to the door on the passenger side.

Mrs. Dawson further testified that she and her husband went to Woolco in the mall at Muscle Shoals the next day and she saw appellant with two other black men. She pointed him out to her husband and said, "That's the man who picked me up." Her husband knew appellant and walked up to him and said, "Oscar Lee, where were you at Friday night?" He said, "Well, I was so high that I don't remember." One of the black men spoke up and said, "He was with us all night."

George Madden, brother of appellant, testified that on August 30, 1974, he owned a 1969 Grand Prix and it was solid green with a vinyl top darker than the body. He said he was employed at Reynolds Alloy and that Oscar Lee carried him to work at 3:30 p. m. and when he got off work shortly after midnight, Oscar Lee was waiting in his car in the parking lot. He stated his car had been involved in several

wrecks prior to August 30, 1974; that he did not know where Oscar Lee had been from the time he put him out at 3:30 p. m. and picked him up shortly after he got off work. He stated that some time later he was present when some police officers scraped blue paint off the front bumper of his car. He saw some little specks that the officers scraped off.

Captain E. B. Watts testified that he was employed by the State Department of Public Safety as a crime investigator. He stated that he took the photographs that were introduced in evidence. He identified the photograph of the Grand Prix and pointed out the damage to the right door as described by Mrs. Dawson. He stated he inspected the bumper and grill section of the Grand Prix and found minute particles of blue paint on the grill. He scraped off the particles of blue paint.

From the record:

"Q. All right. Captain Watts, in your judgment, or in your opinion, was there any similarity between the scrapings on the front bumper of the Pontiac and the color of the Opel?
"A. Yes, sir.

"Q. What was that similarity, sir?

"A. The blue color appeared to be the same, and there was even some of the primer that goes underneath the paint, a brownish looking color on the bumper of the Defendant's—the car that the Defendant was allegedly driving."

He further identified State's Exhibit 1 as appellant and the way he looked on the day he was arrested.

Mr. Percy Lee Ricks, a patrolman with the Leighton Police Department, testified that he was familiar with the automobile owned by George Madden and that he saw this automobile going east on Highway 20 at approximately 11:00 o'clock p. m. but he could not identify the driver as he and his partner had a car stopped and were checking the motorist's driver's license. He fur-

ther identified State's Exhibit 1 as appellant.

Appellant testified in his behalf and denied that he abducted Mrs. Dawson on the night of August 30, 1974, with a sawed-off shotgun, that he was not in Lawrence County any time during the night of August 30th. That at the time in question he was at the Friendship Club in Sheffield. He offered the testimony of two witnesses in support of his alibi.

On cross-examination he testified that he was six feet four inches tall. He admitted that on February 19, 1970, he was convicted of grand larceny, and that on February 17, 1970, he was convicted of burglary in the second degree.

At the conclusion of the state's case, counsel for appellant made a motion to exclude the state's evidence on the ground the state had failed to prove a prima facie case. This motion was overruled. The affirmative charge was requested and refused by the court. There was no motion for a new trial.

In *Dolvin v. State,* 51 Ala.App. 540, 287 So.2d 250, this court held that circumstantial evidence is sufficient on which to submit the issue of defendant's guilt to the jury in a prosecution for kidnapping. But the evidence in this case is not wholly circumstantial. We have the testimony of Mrs. Dawson who positively identified appellant as the man who struck her car twice as she was trying to drive into her driveway and who pointed a sawed-off shotgun at her and physically forced her out of her automobile and put her in his automobile.

The testimony of one police officer put the car driven by appellant on the night in question in the vicinity of where the crime was committed. The testimony of the state trooper was that the blue paint removed from the grill of the Grand Prix appeared to be the same color as the blue Opel owned and driven by Mrs. Dawson.

In *Young v. State,* 283 Ala. 676, 220 So. 2d 843, the Supreme Court said:

"Where the evidence presented raises questions of fact for the jury, and such evidence, if believed, is sufficient to sustain conviction, the denial of a motion to exclude the state's evidence, the refusal to give the affirmative charge and the overruling of a motion for new trial, does not constitute error. *Drummond v. State,* 37 Ala.App. 308, 67 So.2d 280; *Wade v. State,* 24 Ala.App. 176, 132 So. 71."

Alibi testimony, like all other evidence in a criminal prosecution, is an issue to be determined by the jury. The jury resolved this issue against appellant simply because they did not believe the alibi testimony. *Brown v. State,* 229 Ala. 58, 155 So. 358; *Mosley v. State,* 54 Ala.App. 59, 304 So.2d 613; *Price v. State,* 53 Ala.App. 465, 301 So.2d 230.

Where there is legal evidence from which the jury can by fair inference find the defendant guilty, this court has no right to disturb the verdict. Whether there is evidence of the defendant's guilt is a question of law and its weight and probative value are for the jury. *Haggler v. State,* 49 Ala.App. 259, 270 So.2d 690; *Bolton v. State,* 21 Ala.App. 373, 108 So. 631; *Washington v. State,* 55 Ala.App. 116, 313 So.2d 544; *Taylor v. State,* 55 Ala.App. 184, 314 So.2d 104.

Conflicting evidence always presents a question for the jury as to the guilt of the defendant unless the evidence palpably fails to make a prima facie case. The facts and circumstances in this case overwhelmingly pointed to the guilt of the accused. *Morris v. State,* 47 Ala.App. 132, 251 So.2d 629; *Jones v. State,* 54 Ala.App. 251, 307 So.2d 59.

There were a number of refused charges. Most of them were affirmative in nature and the others were confusing and misleading. There was no error in the refusal of these charges.

We note that the learned trial judge failed to charge on the presumption of innocence and that an indictment is not to be considered as evidence against the defendant. In order to correct this oversight appellant tended the following two charges:

"The Court charges the Jury that the indictment in this case is not any evidence in the case, and the fact that defendant has been indicted is not to be considered by you as a circumstance against him, but said indictment is merely the method of placing defendant on his trial, that the presumption of innocence attends the defendant throughout this time and remains with him *and authorized all acquittals,* if the entire testimony fails to overcome such presumption, by proof of defendant's guilt beyond a reasonable doubt and to a moral certainty." (Emphasis added.)

\* \* \* \* \* \*

"The Court charges the Jury that the indictment in this case is not any evidence in the case, and the fact that defendant has been indicted is not to be considered by you as a circumstance against him, but said indictment is merely the method of placing him on his trial, that the presumption of innocence attends the defendant throughout this time and remains with him *and authorized all acquittals,* if the entire testimony fails to overcome such presumption, by proof of defendant's guilt beyond a reasonable doubt and to a moral certainty." (Emphasis added.)

The vice in these two charges are the words "and authorized all acquittals," which rendered these charges bad and misleading.

The following charge has been approved in a number of cases:

"The Court charges the jury that the indictment in this case is not any evidence

in the case, and the fact that the defendant has been indicted is not to be considered by you as a circumstance against him, but said indictment is merely the method of placing defendant on his trial, but the presumption of innocence attends the defendant throughout this trial and remains with him and authorizes an acquittal, if the entire testimony fails to overcome said presumption, by proof of defendant's guilt beyond a reasonable doubt."

See *Salter v. State,* 22 Ala.App. 86, 112 So. 538; *Bush v. State,* 23 Ala.App. 502, 127 So. 909.

We have carefully searched the record for error injuriously affecting the substantial rights of appellant and have found none. Accordingly, the judgment of conviction is affirmed.

Affirmed.

All the Judges concur.