**Joyce GIVENS, Plaintiff,**

v.

**RENT–A–CENTER, INC., et al., Defendants.**

Civ. A. No. 88–0529–BH–M.

United States District Court, S.D. Alabama, S.D.

Dec. 8, 1988.

---

C.S. Chiepalich, Joseph E. Carr, IV, Mobile, Ala., for plaintiff.

J.P. Courtney, III, Mobile, Ala., for defendants.

## MEMORANDUM OPINION

HAND, Chief Judge.

This cause comes before the Court on defendants Rent–A–Center, Inc.'s and Gulf States Rental Corp.'s motions to dismiss, filed July 6, 1988, and motion for summary judgment, filed November 1, 1988. After careful consideration of both motions, the accompanying briefs, responses thereto, all pleadings and affidavits, and the record as a whole, this court makes the following determinations:

## I. FACTS

In April of 1986, plaintiff Joyce Givens entered into a rental agreement with Gulf States Rental Corporation ("Gulf States"), a franchisee of Rent–A–Center, Inc., whereby plaintiff rented a bar and entertainment center. The rental agreement provided that plaintiff could pay in advance to keep the property for rental periods of one week or one month, or terminate the agreement at any time by simply making arrangements with defendant Gulf States for "the timely return of the property, and [by making] all rental payments due through the date of return." (Exhibit "A" to plaintiff's complaint.) Plaintiff made rental payments during a period between April, 1986 and August, 1986. (Deposition of Joyce Givens, August 16, 1988, at pp. 36–37, 39.) Thereafter, plaintiff ceased making rental payments, while continuing to be in possession of the subject rental property. (Deposition of Joyce Givens, August 16, 1988, at pp. 34–39.) On at least three different occasions, plaintiff removed the subject property to a different location without notifying Gulf States, as was required by the rental agreement. (Deposition of Joyce Givens, August 16, 1988, at pp. 34–39; Exhibit "A" to plaintiff's complaint.)

On or about October 27, 1986, Gulf States filed a criminal affidavit alleging plaintiff's conduct constituted theft of property in the second degree, in violation of *Ala. Code* § 13A–8–4 (1975). (Exhibit "A" to affidavit of Martha D. Hennessy.) On January 9, 1988 plaintiff was arrested and booked on the aforementioned charge.

On February 25, 1988, a preliminary hearing was held in the case of *State of Alabama v. Joyce Ellen Givens*, Case Number DC 88 030097. Prior to the hearing, a settlement was reached whereby plaintiff agreed to return the subject property if the criminal charge against plaintiff was *nolle prossed.* (Affidavit of Martha D. Hennessy.)

After the criminal charge against plaintiff was *nolle prossed*, and plaintiff was discharged, plaintiff returned the subject property to Gulf States. (Deposition of Joyce Givens, August 16, 1988, at p. 36.)

## II. MOTIONS TO DISMISS

■ Count One of plaintiff's complaint alleges violations of the Alabama Rental Purchase Agreements Act. *Ala.Code* § 8–25–1, *et seq.* (1975 supp.). Defendants point out that this act did not become effective until September 1, 1986. 1986 Ala. Acts 86–497, § 10. The rental agreement executed between plaintiff and defendants, which is the subject of this lawsuit, was executed on April 24, 1986, prior to the effective date of this act. In response to this contention, plaintiff offers the proposition that renewal of the rental agreement by tendering of each advance weekly or monthly payment has the effect of creating a newly executed agreement. Regulation M of the Consumer Leasing Act, 12 C.F.R. § 213.4(h) (1988). However, this proposition is applicable to consumer leases. The subject rental agreement is a week-to-week or month-to-month rental agreement. Agreements of this nature are not regarded as consumer leases, and are therefore, not within the purview of Regulation M. *See* § 213.2(a)(6)2, Official Staff Commentary to Regulation M, 12 C.F.R. § 213, supp. 1 (1987). Therefore, Count One of plaintiff's complaint is due to be, and is hereby DISMISSED for failure to state a claim upon which relief may be granted. Fed.R.Civ.P. 12(b)(6).

■ Count Two of plaintiff's complaint alleges violation of the Alabama Deceptive Trade Practices Act. *Ala.Code* § 8–19–1, *et seq.*, (1975). However, plaintiff failed to communicate to defendants a written demand for relief, as is required by § 8–19–10(e) of this act. By letter dated February 10, 1988, counsel for plaintiff did express dismay at defendants' unwillingness to terminate the criminal proceedings instituted against plaintiff, and informed defendants of plaintiff's intention to institute civil proceedings if no settlement could be reached between the parties in the criminal action. However, this letter does not serve as a sufficient demand for relief as set out by § 8–19–10(e), in that it fails to reasonably describe the unfair or deceptive trade practice, or the injury suffered. Therefore, Count Two of plaintiff's complaint is due to be, and is hereby DISMISSED.

■ Count Three of plaintiff's complaint alleges violation of the Alabama Consumer Finance Act. *Ala.Code* § 5–19–1, *et seq.* (1975). Plaintiff maintains that the rental agreement was in actuality a disguised credit sale. A credit sale is defined in pertinent part as follows:

> ... [A]ny contract in the form of a ... lease if the ... lessee contracts to pay as compensation for use a sum substantially equivalent to or in excess of the aggregate value of the property or services involved and it is agreed that the ... lessee will become, or for no other or a nominal consideration has the option to become, the owner of the property upon full compliance with his obligations under the contract.

*Ala.Code* § 5–19–1(4) (1975). Agreements such as the rental agreement in this case have been held in this Circuit not to constitute credit sales. *See Smith v. ABC Rental Systems of New Orleans, Inc.,* 491 F.Supp. 127, 129 (E.D.La.1978), *aff'd,* 618 F.2d 397 (5th Cir.1980). Consequently, Count Three of plaintiff's complaint is due to be, and is hereby DISMISSED for failure to state a claim upon which relief may granted. Fed.R.Civ.P. 12(b)(6).

Count Four of plaintiff's complaint alleges violations of the Federal Consumer Leasing Act, 15 U.S.C. § 1667, and Regulation M, 12 C.F.R. § 213 (1988). However, as noted in the discussion of Count One, *supra.,* week-to-week and month-to-month rental agreements are not considered consumer leases. *See Smith v. ABC Rental Systems of New Orleans, supra.* Therefore, the rental agreement is subject to neither 15 U.S.C. § 1667 nor Regulation M. Consequently, Count Four of plaintiff's complaint is due to be, and is hereby DISMISSED for failure to state a claim upon

which relief may be granted. Fed.R.Civ.P. 12(b)(6).

Count Five of plaintiff's complaint alleges that the subject rental agreement is unconscionable, and plaintiff seeks damages in the form of reimbursement of monies paid by plaintiff to defendants under the rental agreement. However, damages are not recoverable under a theory of unconscionability. *Cowin Equipment Company, Inc. v. General Motors Corp.*, 734 F.2d 1581 (11th Cir.1984). Therefore, Count Five of plaintiff's complaint is due to be, and is hereby DISMISSED for failure to state a claim upon which relief may be granted. Fed.R.Civ.P. 12(b)(6).

### III. MOTION FOR SUMMARY JUDGMENT

Count Six of plaintiff's complaint alleges extreme and outrageous conduct on the part of defendants. In Alabama, the tort of outrage is defined as follows:

[O]ne, who by extreme and outrageous conduct, intentionally or recklessly causes severe emotional distress to another ... so severe that no reasonable person could expect to endure it.

*American Road Service Company v. Inmon*, 394 So.2d 361, 365 (Ala.1980). However, the Supreme Court of Alabama noted that "this tort does not recognize recovery for 'mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities.'" *Id.* This Court cannot state that, under the circumstances presented, the defendants' conduct was so extreme, outrageous and severe that no reasonable person could be expected to endure it. Likewise, this Court finds that, under the circumstances, defendants were justified in taking such measures it deemed necessary for the recovery of the subject property. Therefore, defendants are entitled to judgment as a matter of law on Count Six of plaintiff's complaint. Consequently, defendants' motion for summary judgment on Count Six of plaintiff's complaint is due to be, and is hereby GRANTED.

Count Seven of plaintiff's complaint alleges malicious prosecution and abuse of process by defendants. In a malicious prosecution suit, a plaintiff must show that (1) a judicial proceeding was initiated by the defendant; (2) without probable cause; (3) with malice; (4) was terminated in favor of the plaintiff; and (5) plaintiff suffered damages proximately caused by the judicial proceeding. *Eidson v. Olin Corporation*, 527 So.2d 1283, 1284 (Ala.1988). At issue in this cause of action is whether the criminal proceedings were terminated in favor of the plaintiff.

Although a *nolle pross* may sometimes support a *prima facie* claim for malicious prosecution, *see Roughton v. Jackson*, 37 Ala.App. 17, 64 So.2d 112 (1952), said *prima facie* case may be overcome by a showing that the dismissal of the criminal charge was a component element of a settlement or compromise agreement between the parties. *Chatman v. Pizitz*, 429 So.2d 969, 971 (Ala.1983). Where defendant's proof of compromise is unchallenged by plaintiff, defendant is entitled to judgment as a matter of law. *Id.*, at 972.

Defendants have offered proof of a compromise in the form of an affidavit executed by the Assistant District Attorney involved in the criminal proceedings, Martha D. Hennessy. Plaintiff's have offered no more than a mere allegation that the *nolle pross* was not the result of a settlement or compromise. Therefore, this Court concludes that the *nolle pross* was, as the defendants assert, the result of a settlement agreement. Consequently, defendants are entitled to judgment as a matter of law on the malicious prosecution allegation of Count Seven.

As to the abuse of process claim of Count Seven, this Court finds that defendants are likewise entitled to judgment as a matter of law. Plaintiff alleges that the criminal proceedings instituted by defendants against plaintiff were done so as a "strong-arm" tactic for the collection of that debt owed defendants by plaintiff. However, as defendants point out, an abuse of process claim rests on the wrongful use of the process after it has been issued. *Eidson*, at 1288. There is no evidence that defendants had any contact with

plaintiff subsequent to the institution of criminal proceedings. Furthermore, plaintiff's counsel recognized in a note to his files regarding this action that defendants had left the matter of the criminal proceedings in the discretion of the District Attorney. (Exhibit to Plaintiff's Requests for Admissions of Genuiness of Documents, filed in the Circuit Court of Mobile County, Alabama.) Consequently, plaintiff has done no more than offer a mere allegation that the criminal proceedings were originated out of an improper motive and solely for the purpose of harassing the plaintiff. Such an allegation is insufficient to support an abuse of process claim. *Ancora Corporation v. Stein,* 445 F.2d 431, 433 (5th Cir.1971). *See Ramsey v. Leath,* 706 F.2d 1166, 1170 (11th Cir.1983). Therefore, defendants are entitled to judgment as a matter of law on the abuse of process claim of Count Seven. Defendant's motion for summary judgment on Count Seven of plaintiff's complaint is due to be, and is hereby GRANTED.

It is so ORDERED.

### JUDGMENT

Pursuant to this Court's Memorandum Opinion issued in this cause on this date, it is hereby ORDERED, ADJUDGED and DECREED that Counts One through Five of plaintiff's complaint be DISMISSED.

It is further ORDERED, ADJUDGED and DECREED that judgment as a matter of law be entered in favor of defendants as to Counts Six and Seven of plaintiff's complaint. Costs are to be taxed against the plaintiff.