(129 So. 308)

## HARDY v. STATE.
### 7 Div. 718.

Court of Appeals of Alabama.
June 17, 1930.

S. W. Tate, of Anniston, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

RICE, J.

Appellant was convicted of the offense denounced by Act of the Legislature of Alabama approved September 6, 1927 (Gen. Acts Ala. 1927, p. 704)—transporting prohibited liquor in quantities of five gallons or more.

The evidence, other than that hereinafter discussed, on behalf of the state was circumstantial, but sufficient to support the verdict.

Over the objection of appellant, the state was allowed to introduce testimony by the sheriff of the county, as to a "confession," or "admission of guilt," after the appellant and Vardaman were both in jail, charged with the offense, on the part of one Vardaman, alleged to have been jointly guilty with appellant.

As was said by Judge Samford, in the opinion in the case of Lancaster v. State, 21 Ala. App. 140, 106 So. 609, 613, so we now say here:

" * * * The declaration admitted in evidence was after the common enterprise was at an end, and in such cases subsequent acts or declarations are only admissible as against the party making them, except in certain cases hereinabove treated. 1 Greenleaf, p. 371, par. 233; Martin v. State, 89 Ala. 115, 8 So. 23, 18 Am. St. Rep. 91."

Without discussing the "cases hereinabove treated," referred to by Judge Samford, it is sufficient here to quote, as he does in the opinion cited, the rule in such matters as laid down in 1 Greenleaf on Evidence, p. 330, par. 197, to wit:

"It must plainly appear that such conduct was fully known, or the language fully understood by the party before any inference can be drawn from his passive silence. The circumstances, too, must be (not) only such as afforded him an opportunity to act or to speak, but such also as would properly and naturally call for some action or reply from men similarly situated."

Applying the rule just quoted, we are of the opinion that appellant's objection to the question put to the sheriff by the solicitor, calling for information as to statements made to the said sheriff by the said Vardaman, above referred to, should have been sustained. It does not at all "plainly appear that the language (was) fully understood" by the appellant, in such sort that any inference (of guilt) could be drawn from his passive silence. Upon the contrary, it appears doubtful whether appellant even *heard* the statements made to the sheriff by Vardaman.

For the error in overruling appellant's objection to the question indicated, to which action exception was duly reserved, the judgment of conviction must be reversed, and the cause remanded.

Reversed and remanded.