33 So.2d 463

### MUNSON v. STATE.
### 6 Div. 600.

Supreme Court of Alabama.
Jan. 15, 1948.

Wm. B. McCollough, of Birmingham, for appellant.

A. A. Carmichael, Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., for the State.

John Henry Munson, Jr., was convicted of murder in the first degree, and he appeals.

:96

GARDNER, Chief Justice.

The appeal is from a judgment of conviction for murder in the first degree with infliction of the death penalty.

The evidence for the State tended to show that defendant and one Walton went into Will Geer's store at Ensley, Alabama, between the hours of 7:30 and 8 o'clock on the night of January 30, 1947, for the purpose of robbery; that defendant was masked and with pistol in hand told Will Geer "this is a holdup, this is a stick-up, get up, stand up and turn around." Geer stood up and as defendant walked towards him Geer "grabbed him and threw him around," defendant still having the pistol in his hand. Geer's wife was in the store and standing just behind Geer tried to take off defendant's mask. The pistol was fired three times, once in the counter, the other struck Geer's wife and the third struck Geer himself. Geer's wife died and it is for her death the conviction of murder was obtained. Title 14, § 314, Code 1940. Geer himself was shot but recovered and gives many details of the tragedy not here necessary to relate. Defendant admitted, as a witness, his presence on this occasion, but relies upon the theory of self defense, to the effect that he went into the store merely to purchase some hair tonic and a cigar, and as he reached for his money in his pocket the pistol he carried was disclosed. He insists that as Will Geer saw the pistol he began struggling with him and the three discharges from the gun were the result of his effort to keep it and get away from Geer. He did not know how it was the gun fired three times. Therefore there was presented for the jury a clear issue of fact, and but few questions are here for consideration.

■ Defendant made more than one confession, the last being reduced to writing, read over to and corrected in some particulars by him and duly signed. Argument is advanced this last confession was accepted in evidence before cross examination of the witness upon the matter of its voluntary character. But the voluntary nature of the confession was established by clear and undisputed proof, meeting all requirements of our decisions (Johnson v. State, 242 Ala. 278, 5 So.2d 632), and defendant, though represented by able counsel, gave no indication of any desire to cross examine the witness upon this matter. It is clear enough no error here appears, and the authorities cited by defendant's counsel (Faulk v. State, 23 Ala.App. 213, 123 So. 104; Burns v. State, 226 Ala. 117, 145 So. 436; Cook v. State, 16 Ala. App. 390, 78 So. 306) are inapplicable.

■ The State offered proof tending to show one Walton was a co-conspirator with defendant in the alleged robbery. The statement by Walton, though after the termination of the conspiracy, made in defendant's presence, that defendant did the shooting, was admissible proof upon the theory of defendant's assent thereto, in his failure to make any response concerning the accusation. There was no indication in the record that the defendant who was present did not hear the statement made by Walton. In Hardy v. State, 23 Ala.App. 552, 129 So. 308, the court was of the opinion that it was doubtful the defendant in that case heard the statement and on that account declined to admit it. No such doubt appears here. Indeed, the testimony of witness Espy discloses that defendant replied to the statement, saying: "You have already let the cat out of the water." Of course no citation of authority is necessary to disclose that the accusation by Walton was one calling for a denial.

■ In the cross examination of the witness Haley there was some slight controversy between the assistant solicitor and counsel for defendant in regard to the method of the examination; the remarks of the solicitor being directed to the court and those of the counsel for defendant to the solicitor. In the course of the controversy the court stated to counsel for defendant: "I will fine you five dollars,— make it ten." The defendant objected to the court's statement that he would fine him five dollars, to which the trial court replied for him to sit down or he would make it more. The incident closed with the statement by the court: "Let's start over again and get the connection. Read the last preceding question." This was but an unfortunate incident in the trial, concerning which it is difficult to judge from the reading of a cold record. The manner in which the controversy was carried on, the tone of the voice, are all questions which do not here appear. Of this, the trial court must be deemed the better judge. We are unable to see that in any event this matter could have injuriously affected the trial of this cause or the defendant's rights. We are persuaded this conclusion is sustained by the following authorities: 23 C.J.S., Criminal Law, § 995; Grissett v. State, 20 Ala.App. 601, 104 So. 845, certiorari denied 213 Ala. 332, 104 So. 847.

■ Indeed, we fail to find any exception reserved. Later on there was exception reserved to the general statement of the court, warning against injection into the case matter that the court considered incompetent, in which the court stated that if this practice was indulged he would find any one, including the solicitor, in contempt of court. In this instance defendant's counsel was not named, but only that of the assistant solicitor. Clearly enough no reversible error here appears.

■ Counsel complain that in the examination of one Frazier, a ballistic expert from the Federal Bureau of Investigation, who testified that his microscopic test of the bullet taken from the body of the deceased Gertrude Geer indicated its contact with a hard substance, unknown to him, and that the court injected the question as to whether or not the witness thought it could have been produced by the bullet coming into contact with the spinal column of Gertrude Geer, from whence it appears the bullet was extracted. It is permissible and within the province of the court for the trial judge to have asked this question. Beal v. State, 138 Ala. 94, 35 So. 58.

■ There was no error in permitting the witness Dr. Barnes to give his best judgment that the bullet which was exhibit "O" was the bullet which was removed from Gertrude Geer's body. Indeed, it is difficult to see that in any event proof of this character could have damaged the defendant, in view of the admission that the pistol in the scuffle with Gertrude's husband, Will Geer, was fired three times, and undisputed proof that one of the bullets struck Gertrude resulting in her death.

■ Some of the assignments of error relate to offer on cross examination to show whether or not one of the witnesses had a conversation with defendant's wife, the defendant being absent, with no indication or effort to establish a predicate for impeachment. As we read the record, this offered proof was subject to objection as hearsay.

No other questions in the record appear to be of sufficient importance to justify a discussion here, including the action of the court in denying the motion for a new trial.

The case appears to have been tried, as we have previously indicated, upon the plain and simple fact as to whether or not the death of Gertrude Geer was the result of effort on the part of the defendant to commit a robbery, or whether or not he went into the store for the innocent purpose of making a purchase and the pistol accidently discharged in the scuffle brought on by Will Geer.

■ The argument of counsel for defendant to the effect that it would not be serious case were it not for the fact that defendant was "black," was objectionable, and the court properly stated that the law was interested only in a just verdict and not in race or color. We may add that there could have been in this case no mat-

98

ter of prejudice involved in the race or color question, as both the defendant and the victim were of the same colored race.

No prejudicial error appearing, the judgment is due to be affirmed. It is so ordered.

Affirmed.

All the Justices concur.