This is an appeal from a conviction of robbery and a sentence to imprisonment for fifteen years.
During the court's oral charge and well before its conclusion, the court said:
 "In this case as in any case the lawyers have a right to request certain written requested charges. That has been done in this case. Of course, I think about 20 were requested, but I am going to read two charges to you. I will tell you that these are correct statements of the law and should be considered by you consistent with what I have told you thus far."
At the conclusion of the oral charge and after the jury had been sent to the jury room, the following occurred:
"THE COURT: Any exceptions?
 "MR. BRUTKIEWICZ: Judge, I would except to the failure of the court to give my other charges that I requested in writing.
"THE COURT: They weren't any good.
"MR. BRUTKIEWICZ: Okay.
"THE COURT: What else?
 "MR. BRUTKIEWICZ: And I would also object to — although I believe Your Honor didn't do it on purpose, I would hope that the jury would not think that I tried to mislead the Court or the jury with any remaining charges when you commented that I gave you twenty and you are only going to give two.
"THE COURT: Heavens no.
"MR. BRUTKIEWICZ: That's the only think I have."
Appellant says:
 "The effect of the trial judge's statements was prejudicial.
It appears from the quoted statement of appellant that he bases his contention upon a combination of the quoted statement made in the presence of the jury and his quoted statements made out of the presence of the jury. We must reject any contention that the jury was caused, or could have been caused, to be prejudiced against defendant by reason of anything said by the trial judge that was not heard by the jury. This leaves as incapable of causing prejudice the statements of the trial court as quoted above after the jury had been sent to the jury room. As to the quoted part of the court's oral charge, we agree with appellant that the statement as to the number of charges the defendant had requested should not have been made. We disagree with the contention now made or implied that it was prejudicial to the extent that it constituted reversible error and with the contention made on the trial to the effect that by reason of the particular statement, the jury may have been caused to think that defendant's counsel had "tried to mislead the court or the jury."
It appears that sometime after the jury had commenced deliberations, it transmitted word to the court that it desired further instructions and that at that time defendant's counsel was not in the courtroom; in that contingency his father, also an attorney, appeared for him and for the defendant, which was highly appropriate and commendable. At that time, the following occurred:
"THE COURT: All right, who did you all elect?
"FOREMAN: I got elected, Judge.
 "THE COURT: Well, Tom, let me first of all say that I apologize for you people waiting although I'm not the one that should be apologizing, it should be the young lawyer who is not here, but his daddy is here, so we can proceed."
After responding to the question by the jury by stating in effect that it was not one that the court should answer, the jury was sent back to the jury room for further deliberations. Thereupon, the following occurred:
 "MR. BRUTKIEWICZ, SR.: Are you ready for my exceptions and motion, Judge? *Page 1272 
"THE COURT: You may file all of them you want.
 "MR. BRUTKIEWICZ: I except to the remarks made by the Court and I move for a mistrial.
 "THE COURT: And it's denied, and if it happens again I am going to make it stronger next time, and that's in the record. Nobody is going to sit around here and wait 30 minutes for anybody. And, I'll say for the record, when this Defendant has to wait for any lawyer, old or young, the only person it hurts is the Defendant, it's not me. That jury back there, they get mad, they don't get mad at me. Now, anything else you want to put in?
 "MR. BRUTKIEWICZ: I just except to the remarks made. Of course, I don't except to these remarks, but I except to the remarks made in the presence of the jury.
"THE COURT: You are welcome, you may make some more.
"MR. BRUTKIEWICZ: Move for a mistrial again.
"THE COURT: And it's denied again.
"MR. BRUTKIEWICZ: Okay."
We have considerable doubt as to the propriety of what was said by the trial court in the presence of the jury relative to the delay caused by the absence of defendant's attorney from the court room. However, it cannot be said as a matter of law that a court is never justified in criticizing an attorney in the presence of the jury for his tardiness. Usually, but not always, it is better to reprimand out of the presence of the jury. In the instant situation, it appears that probably the jury had become impatient for an opportunity to make known to the court what was holding up their deliberations and that it would have felt justified in charging the judge with the delay. This does not excuse, though it may palliate to some extent, any apparent impatience of the judge that would reflect unduly upon counsel for either party. Without knowing all the facts, including the whereabouts of defendant's counsel and the necessity, if any, for his being elsewhere, and without knowing what the trial judge may have known as to the reason or occasion for the absence at the time of defendant's counsel, we will not attempt to pass final judgment upon the particular issue between the court and defendant's attorneys. In our opinion, the particular comments of the trial judge in the presence of the jury were not substantially injurious to defendant.
The correct determination of the factual issue was dependent almost exclusively upon the question whether the alleged victim, as a witness for the State, or the defendant, as a witness for himself, was telling the truth. Their testimony was in irreconcilable conflict. The victim testified that he was robbed of his automobile at the point of a gun by defendant, while both were in the defendant's automobile. The defendant testified that he used no gun and that the victim voluntarily relinquished possession of his automobile to defendant upon payment by defendant to the victim of $200.00 as rent for the automobile for several days. There was considerable corroboration by witnesses of the testimony of the victim. There was little, if any, corroboration of defendant's testimony. The victim reported the alleged robbery within about an hour or an hour and a half after he was dispossessed of the automobile. The automobile was wrecked in Louisiana while being driven by defendant a few days thereafter.
We find no error in the record prejudicial to defendant. The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge Leigh M. Clark, serving as a judge of this Court under the provisions of § 6.10 of the Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court. The judgment of the trial court is hereby
AFFIRMED.
All the Judges concur. *Page 1273