Oglen was indicted and convicted for first degree rape and first degree sodomy, both crimes stemming from a single incident involving a series of acts between Oglen and the prosecutrix. He was sentenced as an habitual offender to life imprisonment for each of his convictions.
 I
Oglen's main argument on appeal is that he was denied a fair trial by the "injudicious conduct" of a biased and prejudicial trial judge. Very serious charges are made against the judge and they strike at the very heart of the judicial system. We have carefully reviewed each of the cited instances of alleged misconduct and find that, even though some of the judge's actions and comments were improper, Oglen was not deprived of a fair and impartial trial by the judge's conduct and demeanor. *Page 1174 
 A. Conduct In Chambers
Most of the complained of conduct of the trial judge occurred outside the presence of the jury in the judge's chambers. The general rule is that a judge's improper conduct made in the absence, or without the knowledge, of the jury does not constitute reversible error for the reason that the jury was not influenced by that conduct. Jones v. State, 392 So.2d 1270,1271 (Ala.Cr.App.), cert. denied, Ex parte Jones,392 So.2d 1273 (Ala. 1980); Knowles v. State, 44 Ala. App. 163, 166,204 So.2d 506 (1967); Green v. State, 42 Ala. App. 439, 446,167 So.2d 694, cert. denied, 277 Ala. 698, 167 So.2d 701 (1964); 23 C.J.S. Criminal Law, Section 987 (1961).
At the very beginning of the trial and throughout its course the trial judge expressed his disgust with having to try this type of case. He found some of the testimony "disgusting", "loathsome", and "sickening". This was not improper. Even the fact that a judge informs the jury that the evidence may be nauseating, unpleasant or degrading does not constitute error.Howell v. City of Birmingham, 383 So.2d 567, 569 (Ala.Cr.App.), cert. denied, 383 So.2d 570 (Ala. 1980).
At sentencing, the judge expressed his belief in the defendant's guilt and told the defendant that he was "quite fortunate" that he did not receive the death penalty.
In chambers, the trial judge openly acknowledged and apologized for his impatience which he admitted he might have displayed before the jury. He admitted that he "blew up" when, after remaining "quite tolerant for a long time", he felt like defense counsel was being repetitive and abusive in his cross examination of the prosecutrix.
Also in chambers, he instructed defense counsel to "shut up", obviously feeling that he was being interrupted. He would not allow defense counsel to argue further on the admissibility of evidence of another crime by the defendant. However, this was after the issue of admissibility had been fully discussed and argued. He refused to state the reason for his ruling but we know of no requirement that he do so.
The trial judge specifically stated that he had been very careful not to do or say anything that would prejudice the jury: "I don't think that I have done anything to prejudice the jury in any way."
The trial judge owes defense counsel a high degree of courtesy and respect. Dennison v. State, 17 Ala. App. 674, 676,88 So. 211 (1921):
 "While attorneys in a criminal prosecution are entitled to and must receive fair treatment at the hands of the trial court, and extensive bickering and quarreling with counsel may constitute misconduct, as a general rule the court may, by words or conduct, properly caution, correct, advise, admonish, and, to a certain extent, criticize counsel during the case, provided it is done in such manner as not to subject counsel to contempt or ridicule, or to prejudice accused in the minds of the jurors." 23 C.J.S. Criminal Law, Section 989 (1966).
The record supports the fact that the trial judge did not show defense counsel the degree of professional courtesy and respect to which he was entitled. Yet, defense counsel was not entirely without fault in his demeanor toward the trial judge. Granted, the judge's conduct and comments toward defense counsel cannot be approved in several instances. However, our review of the record convinces us that the jury was properly shielded from and unaffected by any prejudicial remarks made by the trial judge outside the jury's presence.
 B. Conduct Before The Jury
As the defendant argues, the trial judge did display his impatience before the jury. Although most of his impatience was directed toward defense counsel, the record also reveals other occasions where it was directed toward the prosecutor, and at times toward both attorneys. This impatience or *Page 1175 
irritation was to some extent evoked by defense counsel's repetitive and somewhat lengthy cross examination of the victim, which the trial judge characterized at one point as "browbeating", and by counsel's attempt to elicit the judge's reasons for his rulings.
 "Manifestations of impatience by the court at the methods or requests of counsel are not only in bad taste but may also constitute error; but it has also been held that the trial judge's indications of impatience with counsel are not expressions by the court or belief in accused's guilt of the crime charged, and that allegations of error in such indications do not prove themselves. A remark that the cross examination is unusually protracted is not improper where it is brought out by the fact that such cross examination has been exceedingly prolix."
23 C.J.S. Criminal Law, Section 989.
However, "the trial judge is not required to be a robot without emotional reaction to happenings in his courtroom. Impatience with excessive delay by counsel is a natural and understandable reaction." Fletcher v. State, 291 Ala. 67, 69, 277 So.2d 882
(1973); Hayes v. State, 33 Ala. App. 364, 369, 33 So.2d 744
(1948).
The defendant argues that he was especially prejudiced by the trial judge's conduct on three separate occasions. (1) When defense counsel was reluctant to follow the judge's directions of how to use the victim's preliminary hearing testimony to impeach the victim, the trial judge instructed counsel to "proceed in a normal fashion" and not "get off on some matter that is not in the record (of the preliminary hearing)." This does not constitute error. Munson v. State, 250 Ala. 94, 97,33 So.2d 463 (1948) (counsel warned against injection into case of matter judge considered incompetent); Vaughn v. State, 236 Ala. 442,447, 183 So. 428 (1938) (judge justified in telling counsel not to go further into particulars of a wholly collateral nature and in stating that he did not want to hear any more on the subject); Butler v. State, 55 Ala. App. 421,427, 316 So.2d 348, cert. denied, 294 Ala. 754, 316 So.2d 355
(1975), and cases cited therein; Selvage v. State, 29 Ala. App. 371,372, 196 So. 163 (1940). Here, as in Butler, it is our impression that the trial judge, while showing some impatience, was attempting to exercise his rightful control over the proceeding by moving the testimony expeditiously along.
(2) We also find no error in the trial judge's statement that he wanted to see the defendant and the court reporter in his office made immediately after the defendant finished testifying on direct examination. We do not accept the defendant's argument that the comment and the time at which it was made gave the jury the impression that there was something wrong with or unusual about the defendant's testimony that required an immediate conference in chambers.
(3) Moreover, we do not think that the judge's direction to defense counsel not to "browbeat" the victim on cross examination improperly prejudiced the defendant. Flurry v.State, 52 Ala. App. 64, 75, 289 So.2d 632 (1973), cert. denied,292 Ala. 720, 289 So.2d 644 (1974) (judge's comment to defense counsel not to insult witness not prejudicial error).
In reviewing this case, we are limited to the facts reflected in the record and the fair and reasonable inferences which they afford. Munson, 250 Ala. at 97, 33 So.2d 463; Williams v.State, 34 Ala. App. 253, 259, 39 So.2d 29 (1948). As this Court held in McCovery v. State, 365 So.2d 358, 362-63 (Ala.Cr.App. 1978):
 "Remarks by the trial judge may be open to criticism, but they are not error unless they have affected the result of the trial. It is not every erroneous expression of opinion by a trial judge, during trial, that will furnish a ground for reversal. To do so it must, in some manner, influence the result of the cause, or be supposed to do so. Each case rests upon its own peculiar facts and circumstances." (citations omitted).
There is no ironclad rule by which the prejudicial character of the improper *Page 1176 
conduct and comments of a trial judge can be ascertained in all cases, most depending on the issues, parties, and the general circumstances of each particular case. In recognition of this, we have studied and searched the entire record and paid particular attention to each and every comment of the trial judge. We have carefully examined each instance of alleged judicial misconduct and find no reversible error.
From the cold record, it appears that some of the alleged examples of misconduct "represent an exaggeration and a too thin-skinned reaction to a perfectly normal inquiry by the court." United States v. Poland, 659 F.2d 884, 893 (9th Cir. 1981). Moreover, we do not credit the judge's comments and conduct with the same implications and weight as does the defendant.
The trial judge was aware of his potential influence on the jury and did not express his opinion of the defendant's guilt before the jury. As a final precaution, he instructed the jury, in his oral charge, that if he had shown some impatience, irritation or anger, not to allow his conduct to affect their verdict: "I beg you and employ you not to charge this defendant or let that in any way make you feel like he is guilty. . . . It would be highly improper for me to indicate to you in the slightest whether or not I think he is guilty as charged." This cautionary instruction was sufficient to purge the taint of any prejudice the judge's impatience might have caused. Lokos v.State, 434 So.2d 831 (Ala. 1983). A trial judge's apology does not always indicate that error has been committed. Carson v.State, 49 Ala. App. 413, 272 So.2d 619 (1973).
The trial judge has a duty to be thorough, courteous, patient, punctual, just and impartial. Yet, at the same time it must be remembered that he is a "human being, not an automaton or a robot." Allen v. State, 290 Ala. 339, 342, 276 So.2d 583
(Ala. 1973). In light of all the circumstances of this case, we find that the actions and comments of the trial judge were not so prejudicial as to require a mistrial or cause a reversal of this conviction. In making this determination, we are mindful of our duty "to consider the various incidents together in an effort to determine whether or not, in their cumulative effect, they created an atmosphere fatal to the fairness of the rights of the accused." Williams, 34 Ala. App. at 259, 39 So.2d 29. Although some of the judge's conduct is subject to criticism, it did not deprive the defendant of a fair trial.
 II
The victim testified that, during the course of the defendant's sexual attack upon her, the defendant stated that she was not his first rape victim. The defendant testified and denied making such a statement, but admitted that he had pled guilty to a prior rape charge. Subsequently, the State made several attempts to introduce evidence of the prior conviction. The defendant cites these attempts by the State to inject evidence of a prior rape conviction as reversible error.
The defendant's arguments concerning this alleged error are without merit. The defendant, himself, injected evidence of the prior rape conviction and, subsequently, volunteered information that the victim's consent was an issue in the prior case. Because the victim's consent was the only issue in this case, the evidence of the prior rape was admissible, under an exception to the general exclusionary rule, to prove the defendant's criminal intent or motive, or the nonconsent of the victim. Chancellor v. State, 38 Ala. App. 89, 80 So.2d 313, cert. denied, 262 Ala. 700, 80 So.2d 315 (1954); O'Berry v.State, 361 So.2d 1132 (Ala.Cr.App.), cert. denied,361 So.2d 1135 (Ala. 1978); Cofer v. State, 440 So.2d 1116 (Ala.Cr.App. 1983); C. Gamble, McElroy's Alabama Evidence, Section 70.01 (22)(d) (3rd ed. 1977).
 III
Because the victim's consent was the only disputed fact at trial, the defendant was either guilty of a sexual crime or innocent. Therefore, the trial court did not err in refusing appellant's requested written *Page 1177 
instruction on third degree assault. Myers v. State,401 So.2d 288, 291 (Ala.Cr.App. 1981).
For the reasons noted above, the defendant's convictions are affirmed.
AFFIRMED.
All Judges concur.