Certiorari was granted to determine whether or not the decision of the Court of *Page 980 
Criminal Appeals, 477 So.2d 976, in this case applied the correct principle of law to the charge that this defendant
 "did knowingly obtain or exert unauthorized control over Three Thousand Nine Hundred Thirteen Dollars and Fourteen Cents of the lawful currency of the United States of America . . . with the intent to deprive the owner of said property, contrary to Section 13A-8-3. . . ."
Specifically, the petitioner contends that there was a variance between this charge and the proof adduced at trial and as found by the Court of Criminal Appeals. In its opinion, that court found:
 "The State's evidence established that on January 7, 1982, Airhart opened a bank account for Banks Kitchen Center. Banks never authorized Airhart to open this separate account for his business. Airhart deposited checks received from customers of the Kitchen Center into the account and later withdrew all the funds. The evidence shows that customers of the Kitchen Center gave Airhart checks for cabinets and services on February 25, 1982 ($820.22), March 11th ($430.00 cash), March 12th (`around' $600.00), and March 15, 1982 ($565.64). These sums were deposited into the unauthorized account and subsequently withdrawn. Banks never received any portion of these funds."
The court went on to find:
 "There was no fatal variance between the indictment alleging the theft of `lawful currency' and the evidence showing the embezzlement of several checks. This same issue was answered in Farley v. State, 437 So.2d 639, 640-42 (Ala.Crim.App. 1983). Compare with Airhart v. State, 388 So.2d 211 (Ala.Crim.App. 1979), cert. quashed, 388 So.2d 213 (Ala. 1980)."
Thus, the Court of Criminal Appeals relied upon Farley v.State, 437 So.2d 639 (Ala.Crim.App. 1983), as authority for holding that no variance existed when the charge pertained to "currency" and the proof established unauthorized control over "checks." The contrary position had been recognized in Airhartv. State, 388 So.2d 211 (Ala.Crim.App. 1979), cert. quashed,388 So.2d 213 (Ala. 1980). According to the Court of Criminal Appeals, at 437 So.2d 639:
 "Airhart was decided before the effective date of the Alabama Criminal Code. Adoption of the new code cures this problem presented in Airhart. The commentary to § 13A-8-2 asserts that the purpose of enacting the section `is to create a unified theft offense which eradicates the common law distinctions between the crimes of larceny, embezzlement, and false pretenses.' It further states that:
 `Aside from the benefit of clearer language, the Criminal Code will reduce the risk of variance between pleading and proof, and upon a charge of theft will allow a conviction upon evidence of the commission of any one of the traditional offenses of larceny, embezzlement, or false pretenses. The gist of the offense will be "the obtaining of control over property in which another had an interest and the deliberate diversion of it for the offender's own purposes." Michigan Revised Criminal Code § 3208, Commentary at 227.' Commentary, § 13A-8-2, page 268."
The unified theft offense created by § 13A-8-2, while reducing the risk of variance between pleading and proof, did not, however, eliminate the necessity for considering such variances as they might pertain to the nature of the property alleged to have been unlawfully controlled.[1] Nothing in that section transposes "currency" into a bank "check." And when in this case the charge involved "currency" and the evidence *Page 981 
established "checks," this was a fatal variance. SeeHouse v. State, 380 So.2d 940, 942-43 (Ala. 1979).
It follows that the judgment of the Court of Criminal Appeals must be reversed and this cause remanded to that court with directions to order a new trial. It is so ordered.
REVERSED AND REMANDED WITH DIRECTIONS.
FAULKNER, JONES, ALMON, SHORES, EMBRY and ADAMS, JJ., concur.
TORBERT, C.J., and MADDOX, J., concur in the result.
[1] For example, if the indictment charged theft of an airplane and the proof showed theft of an automobile, a fatal variance would exist even though both articles of property are means of transportation. There is a similar material distinction between a bank check and a federal reserve note, even though each is a medium of exchange.