Appellant, Marvin Henderson, was indicted and convicted of violating § 13A-8-3, Code of Alabama 1975, theft of property in the first degree. He was subsequently sentenced to a term of imprisonment of five years and was ordered to pay restitution of $250,000, and $50 in victim's compensation.
The evidence in the instant case reveals that the victim, Leonard Freed, made a loan of $250,000 to the appellant. In return for collateral in the form of a mortgage on appellant's house, petroleum stock, and a partial assignment of appellant's right to $418,000 from the settlement of a suit between appellant and Illinois Central Gulf Railroad Company, Freed presented appellant with a check in the amount of $250,000. Appellant represented to Freed that the settlement from the railroad was free and clear when, in fact, appellant had assigned away his rights to the settlement money.
Appellant contends that there was a fatal variance between the indictment and proof and that his motion for a new trial was due to be granted. The indictment handed down by the Houston County Grand Jury in the instant case was as follows:
 "The Grand Jury of said County Charge that, before the finding of this indictment Marvin Henderson, whose name is to the Grand Jury otherwise unknown, did knowingly obtain, by decpetion, [sic] control over Two Hundred Fifty Thousand Dollars, the property of Leonard Freed, of the value of, [sic] $250,000.00, with the intent to deprive the owner of said property, in violation of 13A-8-3 of the Code of Alabama [sic], against the peace and dignity of the State of Alabama."
Appellant contends that there is a fatal variance between the proof and the indictment because the indictment states that the appellant took, by deception, "Two Hundred Fifty Thousand Dollars" when the proof indicates that appellant, in fact, took a $250,000 check.
This Court, in Airhart v. State, 477 So.2d 976 (Ala.Cr.App. 1984), in reliance on Farley v. State, 437 So.2d 639
(Ala.Cr.App. 1983), held that "[t]here was no fatal variance between an indictment alleging the theft of 'lawful currency' and the evidence showing the embezzlement of several checks." The Alabama Supreme Court, in Ex parte Airhart, 477 So.2d 979
(Ala. 1985), reversed this Court's decision and also effectively overruled this Court's decision in Farley, supra. In its opinion, that Court wrote:
 "The unified theft offense created by § 13A-8-2, while reducing the risk of variance between pleading and proof, did not, however, eliminate the necessity for *Page 170 
considering such variances as they might pertain to the nature of the property alleged to have been unlawfully controlled. Nothing in that section transposes 'currency' into a bank 'check.' And when in this case the charge involved 'currency' and the evidence established 'checks,' this was a fatal variance. See House v. State, 380 So.2d 940, 942-43
(Ala. 1979)." (Footnote omitted.) (Emphasis added.)
Ex parte Airhart, supra, at 980-981. This ruling was subsequently followed by this Court in Shubert v. State,488 So.2d 44 (Ala.Cr.App. 1986).
Pursuant to our Supreme Court's directive in Ex parteAirhart, supra, that there is a fatal variance when the charge involves "currency" and the evidence establishes "checks," and this Court's subsequent ruling in Shubert, supra, we find that there was a fatal variance in the instant case.
As none of the other issues raised by appellant has merit or needs to be dealt with to reach a resolution of this case, we forgo discussion of them. Because there was a fatal variance between the indictment and the proof, this case is due to be reversed and remanded for a new trial.
REVERSED AND REMANDED.
All the Judges concur.