WELCH, Judge.
The State of Alabama appeals from the trial court’s dismissal of a second indictment against James McClendon.[1] The record indicates that the basis for the dismissal appears to be that the court had dismissed the indictment previously, the State did not appeal from that dismissal, and the trial court ascertained that the current indictment was based on the same conduct and same set of facts as the previous indictment. For that reason, apparently, the trial court dismissed the current indictment.
McClendon was first indicted by the Montgomery County grand jury in case number CC-2005-373 in 2005. The indictment was returned in connection with an incident arising from McClendon’s job as an employee of Nations Rent in Montgomery County, in which it was alleged that McClendon took a check a client had made payable to Nations Rent and, rather than deposit it in the company’s account, McClendon deposited it into his own account in a Pike County bank, in violation of § 13A-8-4, Ala.Code 1975.
According to statements made by attorneys during the hearing on the motion to dismiss the indictment in the instant case, the first indictment alleged that McClen-don had committed theft of coinage and currency. (R. 3.) At a hearing regarding the propriety of the first indictment in case number CC-2005-373 in June 2005, the trial court questioned whether the theft of currency could have occurred in Montgomery County when the undisputed evidence showed that the check had been deposited in a bank in Pike County. At that time, the State conceded that “the crime of theft of any money would [have] occurred]” in Pike County. (R. 3.) The State recognized that it could only offer proof that the theft of a check occurred in Montgomery County. Accordingly, the State’s attorney involved with the prosecution of the first indictment moved to nolle pros the case with leave to reindict. (R. 3.)
McClendon objected to the motion, and the following colloquy then took place between defense counsel and the trial court:
“MS. KIRBY [defense counsel]: We would like to ask the Court to dismiss this case with prejudice.
“THE COURT: As it relates to the theft of coinage and currency of the United States?
*1204 “MR. SALOOM [defense counsel]: Yes, sir.
“MS. KIRBY: Correct.
“MR. SALOOM: Yes, sir.
“THE COURT: I will dismiss it as to that—
“MR. SALOOM: All right.
“THE COURT: — alleged crime.
“MR. SALOOM: Thank you.
“THE COURT: All right. Have a good day.
“MR. SALOOM: Thank you, Judge.”
(R. 3-4.) At that point, the proceedings relating to the dismissal of the first indictment ended. The State did not appeal from the dismissal of the indictment.
In October 2005, the Montgomery County grand jury reindicted McClendon.[2] The second indictment alleged the theft of a check rather than the theft of coinage and currency. McClendon moved to dismiss the second indictment on several grounds, including violation of the right to a speedy trial, failure to prosecute, double jeopardy, res judicata, and lack of venue. The case-action summary reflects that the indictment was dismissed; however, it does not provide the trial court’s grounds for granting the dismissal. In reviewing the transcript of the hearing on the motion to dismiss, as demonstrated below, it appears that the trial court granted the motion on double jeopardy grounds.
At the hearing on the motion to dismiss the second indictment, the trial court determined that the second indictment was based on the same set of operative facts as the previous indictment that had been dismissed. The prosecutor in the case arising from the second indictment had not been present at the hearing on the motion to dismiss the first indictment, but, she said, she had spoken with the prosecutor in the first case. The following colloquy then took place among the parties and the trial court:
“MS. MASSEY [prosecutor]: And I’ve spoken with the person that actually indicted the case. And from what I understand, this case was indicted— there was a problem with the indictment, and defense counsel was asked if we could amend the indictment and they told us no.
“THE COURT: Well, which is their right.
“MS. MASSEY: It is. And it was nol-prossed—
“THE COURT: Nol-prossed or dismissed?
“MR. WINTER [defense counsel]: Dismissed.
“MS. MASSEY: From my understanding it was nol-prossed.
“MR. WINTER: Dismissed.
“THE COURT: I think the record reflects it was dismissed. State didn’t appeal that.
“MR. WINTER: No, sir.
“MS. MASSEY: And my records have that it was nol prossed on the State’s motion on June the 28th, 2005.
“MR. WINTER: 6/27/05, dismiss granted. It’s a copy of the—
“THE COURT: Well, State didn’t appeal that. You want to look at this entry on the case action summary?
“MS. MASSEY: Well, I mean, no, we didn’t.
“THE COURT: So do we agree that it was dismissed?
*1205 “MS. MASSEY: We agree that that’s what it says, yes.
“THE COURT: Okay. We agree on that? State didn’t appeal that dismissal?
“MS. MASSEY: No, sir, the State did not.
“THE COURT: All right. Now, this new indictment, is it based on the same conduct, same set of facts?
“MS. MASSEY: Yes, sir, it is.
“THE COURT: All right. Case dismissed.
“MR. WINTER: Thank you, Judge.”
(Supp. R. 4-6.)
The State contends that the trial court’s dismissal of the first indictment was not a dismissal of the cause or offense as a whole, but only as the indictment “ ‘relates to the theft of coinage and currency.’” (State’s brief at 3, quoting R. 3.) The State asserts that the trial court did not intend for the dismissal to be final as to the offense of theft. Instead, it argues, the original indictment was dismissed because of a fatal variance before trial, in that the State would have been unable to prove that a theft of coinage or currency had occurred in Montgomery County. According to the State, it was relying upon the trial court’s apparent determination that it was dismissing the case only as it involved the theft of coinage and currency and that the dismissal was without prejudice as it related to the theft of a check — the offense charged in the second indictment against McClendon. Therefore, the State argues, the trial court erred in dismissing the second indictment on the ground that the first indictment had previously been dismissed.
The Alabama Legislature has provided authority for directing the procedure for a “variance” dismissal and for reindictment in the event of Defendant’s nonconsent of an amendment to an indictment. See §§ 15-8-90 and -91, Ala.Code 1975. In addition, “[o]ur case law has consistently upheld the validity of this statutory scheme, as against a double jeopardy challenge, where the variance is of such a material character that the second indictment constitutes a separate and different offense.” Ex parte Allred, 393 So.2d 1030, 1032 (Ala.1980).
In Allred, the Alabama Supreme Court succinctly pointed out that, “the dismissal of the first indictment must be grounded upon a material variance, or it must have been due to some ‘manifest necessity’ before Defendant is constitutionally subject to retrial.” Id. The “material variance” ground for amending an indictment, and not the “manifest necessity” ground, is at issue here.
As the Attred court explained:
“[Rjeindictments within the contemplation of the amendment statutes (§§ 15-8-90, -91) are prosecutions for offenses not sustainable by the evidence adduced under the original indictment, i.e., for a different offense.
“Thus, the ultimate issue here presented is whether Defendant’s plea of double jeopardy was interposed to an indictment which charged him with commission of the same offense for which he had been put to trial under the first indictment. The answer is implicit in the postulation of two opposing hypotheses: (1) If the variance between the averment in the indictment (that the check was drawn on Defendant’s personal account) and the proof (that it was drawn on the corporate account) precludes a sustainable conviction, then it is a material variance; and the reindictment pursuant to the amendment statute is permissible and Defendant’s plea of double jeopardy is unavailable; and (2) if, on the other hand, the variance is of such an immaterial nature as not to *1206 defeat the sustainability of Defendant’s conviction thereunder, the statutory scheme for reindictment is impermissible; and, where such reindictment procedure is invoked, Defendant’s plea of double jeopardy is valid.”

Id.

Ex parte Airhart, 477 So.2d 979 (Ala.1985), is similar to the case at bar. In Airhart, the defendant deposited checks received from customers of a business into an unauthorized account, then later withdrew the funds, apparently for his own use. The indictment against Airhart charged him with theft of currency. The Alabama Supreme Court held, “when in this case the charge involved ‘currency’ and the evidence established ‘checks,’ this was a fatal variance.” Id. at 980-81. The court explained its rationale as follows:
“For example, if the indictment charged theft of an airplane and the proof showed theft of an automobile, a fatal variance would exist even though both articles of property are means of transportation. There is a similar material distinction between a bank check and a federal reserve note, even though each is a medium of exchange.”
Id. at 980 n. 1.
We agree with the State that, at the hearing to dismiss the first indictment— which, we note, the State agreed was proper and so it had no basis for an appeal at that time — the trial court gave the impression it was limiting the dismissal of the indictment “as it relates” to the crime involving theft of currency. If it had intended the dismissal to be absolute, there would have been no need to include such a qualifier.
Just as was the case in Airhart, there was a fatal or material variance between the offense alleged in the first indictment, i.e., theft of currency, and the evidence, i.e., a check was taken from a business in Montgomery County. We note that in its opinion in Airhart, the Supreme Court did not indicate that it had considered whether the underlying conduct of the defendant was the same as to both indictments — the basis the trial court appeared to use in deciding to dismiss the second indictment. Instead, the Airhart court discussed only the variance between the language used in the indictment and what the evidence could establish.
Based upon the authorities cited above, the reindictment of McClendon pursuant to the amendment statute was permissible, and the State properly reindicted McClen-don on a charge of theft of a check in Montgomery County. Accordingly, dismissal of the second indictment against McClendon constitutes reversible error. Accordingly, the judgment is reversed, and the cause is remanded to the trial court for further proceedings.
REVERSED AND REMANDED.
BASCHAB, P.J., and McMILLAN and WISE, JJ., concur. SHAW, J., concurs in the result, with opinion.

. We recognize that the defendant spells his name "McLendon/' and that his name appears in the indictment as "McClendon.” However, this Court is bound by the spelling as it appears in the indictment.

. McClendon was not arrested in connection with the second indictment until September 17, 2007. The record does not indicate the reason for the delay between the second indictment and McClendon's arrest.