STUART, Justice
(concurring specially).
In addition to concluding that the indictments were legally insufficient, the trial court concluded that a fatal variance existed between the indictments and the evidence proffered by the State. The Court of Criminal Appeals also reached this conclusion. In support of its dismissal of the indictments, the trial court cited Delevie v. State, 686 So.2d 1283 (Ala.Crim.App.1996), which holds that an indictment is fatally defective when it alleges that a defendant stole a certain amount of United States *232 currency, but the evidence adduced at trial established that a check in the amount was stolen. In its unpublished memorandum, the Court of Criminal Appeals, quoting Harrison v. State, 13 So.3d 45, 47-48 (Ala. Crim.App.2009), held that “the indictments against the Rofflers suffered from a fatal variance” because “the indictments against the Rofflers charged them with the thefts of specified dollar amounts, but the State would have attempted to prove those charges by presenting evidence that the Rofflers received checks in some instances, and monies from credit card and debit card transactions in other instances.”
The law is well established that a determination whether a fatal variance exists between the indictment and the evidence can only be made after the State has presented its evidence at trial. See Ex parte Brooks, 562 So.2d 604 (Ala.1990); Ex parte Airhart, 477 So.2d 979 (Ala.1985); Harrison v. State, supra; and Shubert v. State, 488 So.2d 44 (Ala.Crim.App.1986) (all addressing the issue whether a fatal variance existed between the offense charged in the indictment and the State’s evidence adduced at trial). At the hearing on the Rofflers’ motion to dismiss, the State proffered that the Rofflers had received some of the funds they allegedly stole by cash, some by check, some by two-party check, some by debit-card transaction, and some by credit-card transaction. A determination as to whether a fatal variance exists between the indictments charging the Rof-flers with theft and the evidence cannot be made until after the State has presented its evidence at trial. Holding that a fatal variance exists between the offense charged in the indictment and the evidence made before the State presents its evidence at trial is erroneous.