COBB, Chief Justice
(concurring in the result in part and dissenting in part).
To the extent that the majority holds that indictments charging theft satisfy the requirements of § 15-8-25, Ala.Code 1975, without explicitly stating with the dollar amount allegedly stolen the additional language “in lawful United States currency,” I concur in the result. I concur in the result on this point because the only rationale supporting the majority opinion is that “times have changed” and that, therefore, it is now necessary to discard approximately 100 years of legal precedent that required the State to specify the value of what has been allegedly taken in a theft by reference to “lawful United States currency.” See, e.g., Shubert v. State, 488 So.2d 44 (Ala.Crim.App.1986), and the cases cited therein. Although I believe the result is correct, I do not believe that this Court should discard its precedent without a more thorough analysis of facts and authorities from other American jurisdictions that support such action.
With regard to the further holding that the medium of exchange is now essentially irrelevant to the validity of an indictment charging a crime of theft, I must respectfully dissent. This holding also reverses many years of established precedent[3] without authority, and I am not persuaded that simply specifying a dollar amount in charging theft without specifying the medium of exchange sufficiently informs an individual under § 15-8-25, Ala.Code 1975,[4] *233 of the offense. I do not believe that the theft of cash money is necessarily equivalent with the theft of a check or the theft of funds by unauthorized electronic transfer, or the theft of a credit card or a debit card, and the failure to provide an accused with such information, i.e., the medium of exchange, can be substantially prejudicial under § 15-8-25. Further, I do not believe it is unduly burdensome on the State to specify the medium of exchange before it undertakes to deprive a person of his or her liberty in a prosecution for a felony. Because I do not believe that the majority opinion is required to make the further holding that all mediums of exchange are equal in order to properly resolve this case, I respectfully dissent from that holding.

. See, e.g., Ex parte Airhart, 477 So.2d 979 (Ala.1985), Delevie v. State, 686 So.2d 1283 (Ala.Crim.App.1996), and Henderson v. State, 520 So.2d 169 (Ala.Crim.App.1987).

. "An indictment must state the facts constituting ' the offense in ordinary and concise language, without prolixity or repetition, in such a manner as to enable a person of common understanding to know what is intended and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment. In no case are the *233 words ‘force of arms’ or ‘contrary to the form of the statute’ necessary.”